WAY, Administrator, etc., v. THE ILLINOIS CENTRAL R. R. Co.

35 585
85 323

**Jury and verdict: DIRECTION OF BY COURT.** If there is no evidence tending to establish plaintiff's case, or if there are essential ultimate facts to be found in order to entitle him to recover, and there is no evidence tending in that direction, the court may direct the jury as to their verdict. But where there is evidence *in any degree* tending to establish the cause of action, the case must be left to the determination of the jury.

*Appeal from Dubuque District Court.*

WEDNESDAY, JANUARY 22.

ACTION by the plaintiff, J. M. Way, as administrator of the estate of Wm. H. Palmer, deceased, to recover damages for the death of said decedent, alleged to have been caused by the negligence of the defendant's employees. The issues made by the pleadings are as to the negligence of the employees of defendant, and other want of care by the decedent, connected with the act which produced the death.

There was a jury trial, and the evidence tended to show that the decedent was about twenty-two years old at the time of his death, which occurred on the 26th day of June, 1871; that he had been in the employ of the defendant about one month as a brakeman, and in coupling cars on the defendant's depot grounds in Dubuque; that at the time of the accident causing the injury which resulted in his death, the said Palmer was trying to couple the tender of the yard engine to a National Line freight car; as the tender was approaching the car, he told the engineer to pull ahead a little, till he could fix the bumper on the car, which was done; he was engaged in efforts to fix it about five minutes, and then told the engineer to wait a little; after about two minutes more he told the engineer

VOL. XXXV.—74

to back up; the engine and tender were then moved slowly, as usual, toward the car; Palmer being between them for the purpose of coupling, and as they came together, the engineer heard a groan; and immediately he reversed his engine and moved forward ten or fifteen feet, when Palmer came out, badly hurt by being jammed in the lower part of his body. This occurred before sundown, at about six o'clock in the afternoon, and Palmer died from the injuries before the next morning. Nothing further was shown as to how the accident occurred. There was a large amount of testimony respecting the construction of the bumpers, dead wood and coupling attachments of the National Line cars, and the peculiar coupling attachment to the tender then employed, which had been in actual use for about fifteen years. The witnesses differed both in their statements of facts, and in their opinions regarding the degree of danger to a person when coupling a car constructed as is a National Line car, and one constructed as are the cars of the defendant; and also as to the comparative danger in coupling a tender with a more modern attachment therefor, with that in coupling the one used at the time of the accident; and also respecting the peril to a person engaged in coupling this particular tender to the National Line car; and also as to the manner in which the injury occurred, and the immediate cause of it.

After the testimony was closed the court instructed the jury to find for the defendant. They found accordingly. The plaintiff duly excepted, and now appeals.

*D. E. Lyon* and *O. P. Shiras* for the appellant.

*Crane & Rood* for the appellee.

COLE, J.— The only question for us to decide in this case is, whether the court erred in directing the jury to find for the defendant. Under our statute we have no such

thing as an involuntary nonsuit upon the evidence (Rev., § 3127). All actions are to be tried upon the merits (§ 3128). If there is *no evidence* tending to establish the plaintiff's case; or, if there are two or more essential ultimate facts required to be shown in order to entitle him to recover, as in a case depending upon some title or a right, and notice of that title or right to the other party, and in such case there is no evidence tending to establish *one* of said facts, it is the duty as well as within the province of the court to directly instruct the jury, as was done in this case, how to. find. But where there is evidence *tending in any degree* to establish the cause of action, however slight it may be, the questions of fact involved in it should primarily be left to the jury to find. *Muldowny* v. *The Illinois Central Railway Co.*, 32 Iowa, 178, and cases there cited. Hence, under the statute and our previous rulings, it follows, that it is the duty of a *nisi prius* court in this State to submit the case to the jury upon the evidence, when it only *tends even* to prove it, although the court should feel in duty bound to set aside a verdict for the plaintiff, if the jury should so find. In other States a different, and perhaps better and more consistent rule obtains, whereby the court may direct the jury how to find, when it would set aside a verdict otherwise. *Brown* v. *Railroad Co.*, 58 Me. 389; *Wilds* v. *H. R. R. Co.*, 24 N. Y. 424.

Without here repeating the rules of law respecting the necessity upon the plaintiff in such cases of showing both negligence on the part of a defendant and the absence of it on the part of the person injured; and without determining whether it would have been the duty of the court to set aside a verdict for the plaintiff, if the jury had so found, in this case, we hold, under the rule as above stated, that it was error to instruct as was done by the court below.

Reversed.