GREEN v. MILWAUKEE & ST. PAUL RAILROAD COMPANY.

1. **Common carrier**: RAILROAD: DELIVERY OF BAGGAGE: CUSTOM. With the assent of a common carrier, the baggage of travelers may be left at a railway station without notice to it or its agent; and such assent may be implied from the course of business or custom of the carrier.

2. **Practice**: INSTRUCTION: EVIDENCE: VERDICT. When there is a conflict of evidence or some evidence upon the whole case, the court is not authorized to direct a verdict upon the ground of insufficiency of evidence to sustain the action.

*Appeal from Winneshiek District Court.*

THURSDAY, MARCH 19.

ACTION to recover the value of a trunk and contents of clothing alleged to have been lost or destroyed while in possession of defendant as a carrier. There was a trial to a jury, and a verdict rendered against plaintiff under an instruction of the court to the effect that there was no evidence showing that the trunk was delivered to defendant or its agents. From a judgment rendered upon this verdict plaintiff appeals.

*Jno. T. Clark & Co.*, for appellants.

*Thos. Updegraff*, and *Noble, Hatch & Freese*, for appellee.

BECK, C. J.—The evidence disclosed the fact that plaintiff, desiring to take passage by an early morning train on defendant's road at Boscobel, in the state of Wisconsin, for Decorah, sent her trunk the evening before by a drayman to defendant's depot. It was left by the drayman in the waiting room, and as there were no employes of defendant about the premises, no

notice thereof was given to any one.   This was after business hours in the evening.   It was shown that plaintiff had quarterly, for three years, been in the habit of making the same journey she was about to take, and had always sent her trunk the evening before, as she did in this case, and that other travelers were in the habit of doing the same thing when they went by the early train.   The drayman testified that he had often left baggage at the depot under similar circumstances, but that his custom was to notify the depot agent or servants of defendant.

Upon this evidence the court directed the jury that there was no proof of the delivery of the trunk to defendant or its servants.

It is not claimed that defendant would be liable without a delivery, either actual or constructive, of the property to its agent or servant.   That a delivery may be made at the proper place of receiving such baggage under the express assent or authority of the carrier without notice to its employes will not, we presume, be disputed.   It is equally clear upon principle that this assent may be presumed from the course of business or custom of the carrier.   Upon evidence of this character contracts based upon business transactions are constantly established.   The citation of authority is not required to support this position.   See *Merriam v. Hartford & N. H. R. R. Co.,* 20 Conn. 354.

1. COMMON CARRIER: railroad: delivery of baggage: custom.

The instruction which is the foundation of plaintiff's objection, directs the jury that there was no evidence of a delivery of the trunk to the defendant.   In this we think there is error.   There was evidence tending to show a course of business on the part of defendant, a custom, to receive baggage left at the station house, as in this case, without notice to plaintiff's servants.   Upon evidence of this character, it was proper that the facts should have been left to the determination of the jury, whether there had been a delivery of the property within the rules above announced—whether a course of business—a custom, had been established, to the effect that a delivery of baggage at the

2. PRACTICE: instruction: evidence: verdict.

station house without notice, was regarded by defendant as a delivery to its servants, and whether 'plaintiff's trunk was received under this custom. It is a well settled rule that the courts cannot determine upon the sufficiency of evidence to authorize a verdict where there is a conflict, or some evidence upon the whole case. In such a case an instruction to the effect that there is no evidence, and directing a verdict accordingly, is erroneous. *Way v. Illinois Gen. R. R. Co.*, 35 Iowa, 585.

The judgment of the District Court is reversed, and the cause is remanded.

REVERSED.