LUCY A. GREGORY v. SAM WEBB, JR., ET AL.

Decided October 27, 1905.

### 1.—Corporations—Contract—Liability of Stockholder.

Where in an action for loss of baggage upon a contract of carriage alleged to have been made with defendant, an individual, the proof shows that the contract was made with a corporation of which defendant is a stockholder, plaintiff can not recover.

**2.—Appeal—Rehearing—Re-opening Cause.**

The judgments of the Court of Civil Appeals being subject to its control during the term at which they are rendered, it may, in its discretion grant a rehearing and set aside a judgment upon an additional motion, filed after the original motion for rehearing has been denied.

**3.—Same—Affidavits—Record.**

The Appellate Court will not, upon a motion for rehearing, consider affidavits contradicting the truth of the record.

**4.—Same—Issue not Raised—Reversal.**

Where a judgment against a defendant sued individually upon a contract must be reversed because the evidence shows that the contract was made with a corporation of which defendant was a member, but it appears from the record that no issue was made or submitted at the trial as to defendant's nonliability because of the corporation feature, judgment will not be rendered for the defendant, but the cause will be remanded.

**5.—Carriers—Delivery of Baggage to Depot Company.**

Where a transfer company, engaged to carry plaintiff's trunk to the depot, placed it in the entrance of the baggage room of a depot company unchecked and without calling it to the attention of any agent of such company, and it was through mistake checked out by a third person, the depot company was not liable for the loss, there having been no delivery of the trunk to it.

Appeal from the County Court of Galveston. Tried below before Hon. Lewis Fisher.

*James B. & Charles J. Stubbs,* for appellant.

*L. J. Selby* and *Maco & Minor Stewart,* for appellee Webb.

*Terry, Cavin & Miller,* for appellee Union Depot Co.—Delivery of baggage to a carrier must be accompanied with actual notice to some proper agent or representative of the carrier; merely depositing the baggage at some place in the carrier's depot or station, without notice to any agent or officer having supervision of such matters, does not charge the carrier with any responsibility until brought to its notice. Trice v. Miller, 3 Wilson's Civ. Cas., par. 440; 3 Am. & Eng. Enc. of Law, p. 563, and notes; Ball v. New Jersey Steamboat Co., 1 Daly (N. Y.), 491.

GILL, CHIEF JUSTICE.—Sam Webb, Jr., brought this suit against Lucy A. Gregory and the Union Depot Company to recover the value of a trunk alleged to have been lost by them. Each defendant interposed a general denial. A trial by jury resulted in a verdict in favor of the depot company under peremptory instruction from the court and in favor of plaintiff against defendant Gregory on issues submitted. Judgment followed accordingly, and Lucy A. Gregory has appealed from the judgment in favor of Webb.

In pleading his cause of action against Gregory plaintiff alleged, among other things, that Gregory was engaged in the transfer business at Galveston and was doing business under the firm name of the Mullaly-Gregory Transfer Company. That he made a contract with her to carry his trunk to the depot and deliver it to the baggage agent,

That she failed to do it, and the trunk was lost; wherefore he sues. The evidence shows without contradiction that the contract alleged was made with the Mullaly-Gregory Transfer Company, that that concern is incorporated, and that Lucy A. Gregory is merely interested with others therein. The allegation that Lucy A. Gregory undertook anything for the plaintiff is not only not sustained, but is conclusively repudiated by the proof.

For this reason the judgment of the trial court against Lucy A. Gregory is reversed, and judgment here rendered in her favor. The judgment in favor of the Union Depot Company is not before us for revision.

### ON MOTION FOR REHEARING.

GILL, CHIEF JUSTICE.—At a former day of this term the judgment of the trial court in this cause was reversed as to Lucy A. Gregory and judgment here rendered for appellant. This was done solely upon the ground that Lucy A. Gregory, who was sued as the party bound by the alleged contract, was in no way shown to be connected therewith, and because the undisputed proof showed that the Mullaly-Gregory Transfer Company was a corporation.

At a later day a motion for rehearing was overruled. Later the appellee, through his attorney, filed an "additional" motion for rehearing, setting up the fact that the case was tried in the lower court upon the theory that Lucy A. Gregory was doing business under the firm name of Mullaly-Gregory Transfer Company, and was properly made the sole defendant. That all concerned treated the point which controlled this court as a thing conceded, and the issue was not in fact tried or adjudged in the court below. For these reasons appellees —conceding that the judgment should have been reversed in the present state of the record—contend that the judgment should not have been rendered, and earnestly pray that the cause be remanded in order that the issue may be fully tried. In support of the motion appellee has filed certain affidavits.

The first question which confronts us is the propriety of re-opening a matter which has been finally closed by an action on the original motion for rehearing. Of our right to do so we have no doubt, since the judgments of this court (as of other courts) are subject to our control during the term at which they are rendered. We are of opinion that in view of the state of the record, we can with propriety, and ought to, exercise the discretion vested in us and set aside our order rendering the judgment. Before stating our reasons, however, it is well to say that we do not think it proper to consider the affidavits contradicting the truth of the record. Our action is predicated upon the record itself.

The suit as against Mrs. Gregory was upon distinct allegations that she was doing business under the firm name of Mullaly-Gregory Transfer Company. She answered by general denial, but followed same by special pleas in which she alleged in the minutest way a fulfillment by her of the contract of delivery, and it is manifest from the record that the parties proceeded at once to a trial of the issues thus specially made, inadvertently ignoring the general issue. The proof of incor-

poration was made by a witness who testified at length upon the issues generally and stated in a brief sentence that the company was incorporated. There appears to have been no cross-examination. No other evidence pro or con was adduced upon the point, and it manifestly escaped the attention of plaintiff's counsel, the trial court, the jury and apparently that of counsel for Mrs. Gregory. This is plain because the liability of Mrs. Gregory was submitted to the jury on the theory that she was the sole contracting party, and this without protest from her attorneys, and all this notwithstanding, if the fact of incorporation had been treated as proven, it would have constituted a perfect defense.

The brief, while containing many assaults upon the action of the trial court in giving and refusing charges has no complaint against the assumption in the main charge that there was an issue as to whether Mrs. Gregory was the party with whom the contract was made. The motion for new trial is lengthy, and while it assails the verdict as contrary to the law and the evidence, it no where specifically points out the defect in the proof as to Mrs. Gregory's connection with the contract. Her counsel at the trial asked special charges embodying the theory of her connection with the contract, and all these things show conclusively that the issue was not tried.

All these matters have been disclosed to us by a careful re-inspection of the record. It being thus clearly made to appear that the issue was not tried, it is our right and duty to set aside our order rendering judgment for appellant and to remand the cause as between her and the plaintiff, and it is so ordered. This renders it necessary for us to dispose of other assignments.

We do not think it was error to instruct a verdict for the Union Depot Company. Upon this point the record discloses the following state of facts: The defendant depot company owned and conducted the union depot at Galveston, and among other things handled the baggage for the several railways reaching that point. For this purpose it maintained a baggage room in charge of a baggage master. Those desiring to check baggage out on trains would have their baggage taken to the depot and delivered into the side entrance of the baggage room. The owner would then claim his baggage and have it checked where he pleased. The plaintiff, Sam Webb, employed the transfer company to take his trunk to the depot for shipment on one of the outgoing trains, plaintiff intending to check it when he reached the depot. A servant of the transfer company took the trunk to the depot and placed it in the entrance of the baggage room, without calling it to the attention of any agent of the depot company, or advising any one to whom the trunk belonged. There is evidence that one Greenleaf, who left on an earlier train than plaintiff, mistook plaintiff's trunk for his own and had it checked out as such. The baggage master had not been advised and did not know to whom the trunk belonged. To hold that the placing of the trunk in the baggage room was of itself delivery of the trunk to the depot company or baggagemaster would in effect impose upon the depot company the duty of requiring each one who claimed such baggage for shipment to identify himself as the owner in the most absolute way and would render the

prompt handling of baggage practically impossible. In this case the transfer company did not give plaintiff a claim check by which his trunk could be identified. Had this been done, it may be the delivery at the baggage room would under the facts have bound the depot company, for in that case it should have refused to check it out unless the claim check was presented. The fact is, if Greenleaf claimed the trunk and had it checked out, it was he that "delivered" it to the baggage-master. The court did not err in holding that the contract with the transfer company was not complied with. The case of Trice v. Miller, 3 App. Civ. Cas., sec. 440, states the correct rule.

What has been said and the elimination of the depot company as a defendant, renders it unnecessary for us to pass on many of the remaining assignments. The objections to the depositions of Sam Webb are without merit. The witness Bartel should not have been permitted to testify concerning the Driscoll letter after the letter itself had been excluded. None of the other assignments are meritorious.

*Motion granted.*

*Reversed and remanded.*