BREAUX, C. J.
The plaintiff brought this suit to recover from the defendant $10,000 for personal injuries suffered in the death of his son, occasioned, he avers, by defendant’s negligence while his son was at work at defendant’s rice mill at Crowley, La.
Of the sum before mentioned, $2,500 are claimed for the physical suffering, pain, and mental anguish suffered by the son, and $7,-500 for his (plaintiff’s) own suffering, mental anguish, distress, and loss of the companionship of his son.
The deceased was 18 years of age, of average intelligence, and had never before worked in a rice mill (but on the farm of his father) before he was employed on Saturday of one week, and met his death on the Thursday following.
Plaintiff avers that his son was employed by the defendant without his permission and assigned to work on one of the floors of the mill in the midst of dangerous machinery, without warning and instruction as to the danger of the work, or how he might avoid injury.
He also avers that Ms son was ignorant, inexperienced, without knowledge of dangerous machinery.
His duties were to oil the machinery, sweep the floor, attend to the hopper, and other work on the third floor, which is said to be the most dangerous floor of the rice mill.
Exceptions.
[1] No right of action, insufficiency of allegation, and vagueness of the petition are the grounds of the first exception; while, in the second exception, the defendant pleads nonjoinder.
As to the first exception above mentioned, the grounds are general and technical.
Regarding such exceptions, considered on appeal, see Davis v. Southern R. R. Co., 117 La. 320, 41 South. 587.
The verdict of a jury will not be annulled; it not being evident that the court’s ruling was prejudicial to the defense.
Even in case of immediate variance between the pleading and the testimony a verdict will not be set aside. Louisville, N. A. & C. Ry. Co. v. Phillips, 112 Ind. 59, 13 N. E. 132, 2 Am. St. Rep. 155.
Were this exception considered in limine in the district court, the rule of practice would require a different ruling, but not at this time.
[2] As to the second exception, that relating to the right of the divorced wife:
She, not being a party, and plaintiff having no right to represent her, the proceedings are, as to her, res inter alios acta.
The case will be decided only in so far as plaintiff is before us.
He, to the extent of his interest in the questions, may be heard, and the suit decided, and the interest of the wife remain as it may be.