## HOUSTON E. & W. T. R. CO. v. ANDERSON et al.

(Court of Civil Appeals of Texas. Galveston. April 12, 1912. Rehearing Denied May 2, 1912.)

1. CARRIERS (§ 408*)—CARRIAGE OF PASSENGERS—LOSS OF BAGGAGE—EVIDENCE—ADMISSIBILITY.

In an action against a transfer company and a carrier for loss of baggage, evidence that it had long been the custom of transfer men to leave the baggage of prospective customers in an inclosed place in a union depot was admissible to show delivery to the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

2. CARRIERS (§ 387*)—CARRIAGE OF PASSENGERS—BAGGAGE.

It is the duty of a carrier of passengers to provide a place for the deposit and keeping of baggage of prospective and incoming passengers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1505–1518; Dec. Dig. § 387.*]

3. CARRIERS (§ 404*)—CARRIAGE OF PASSENGERS—BAGGAGE—LIABILITY AS WAREHOUSEMAN.

While a carrier of passengers is liable as a common carrier for the safe-keeping of a passenger's baggage who had left it there for a reasonable time, it is not reasonable for a prospective passenger to leave baggage with the carrier for more than a day before the beginning of his journey, and the carrier is liable only as a warehouseman for such baggage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1539–1543; Dec. Dig. § 404.*]

4. CARRIERS (§ 393*)—CARRIAGE OF PASSENGERS—BAGGAGE.

While it is a reasonable regulation that baggage shall not be checked until a ticket is procured, a carrier cannot limit its liability by refusing to take charge of baggage until the procurement of a ticket.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1502–1504; Dec. Dig. § 393.*]

5. CARRIERS (§ 408*)—CARRIAGE OF PASSENGERS—ACTIONS—LOSS OF BAGGAGE—EVIDENCE.

In an action by a passenger for loss of baggage, evidence *held* sufficient to charge the carrier.

[Ed. Note.—For other cases, see Carriers. Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Joe Anderson against the Houston East & West Texas Railroad Company and the Westheimer Transfer Company. From a judgment against the first defendant, it appeals. Affirmed.

Baker, Botts, Parker & Garwood and Lane, Wolters & Storey, all of Houston, for appellant. K. C. Barkley and John E. Green, Jr., both of Houston, for appellee.

REESE, J. In this case Joe Anderson sued the Houston East & West Texas Railroad Company and the Westheimer Transfer Company in the county court to recover the value of a certain trunk, which it was alleged had been delivered by plaintiff to the Westheimer Transfer Company to be by it delivered to the Houston East & West Texas Railroad Company at its passenger station in Houston; plaintiff intending to go to Humble, a station on said road. It was alleged that the trunk was lost either through the negligent failure of the transfer company to deliver it to the railroad company, or, if it had been so delivered, by the negligent failure of the railroad company to keep it safely until plaintiff got his ticket and applied to have it checked to Humble. A trial with a jury resulted in a verdict and judgment in favor of the transfer company, and against the railroad company for the value of the trunk. From the judgment, the railroad company appeals.

Appellant denied that the trunk had been delivered to it. The facts are that this trunk, with three others, was delivered by appellee, Anderson, early in the afternoon, to the transfer company to be carried to the Grand Central Depot, and there delivered to the Houston East & West Texas Railroad Company. This depot is the passenger station in Houston used by appellant in common with several other railroads. This depot is used by what are known, according to the testimony, as the central lines, of which appellant is one. The Houston & Texas Central Railroad is another.

The transfer company took the trunk to this station and deposited it there in a place inclosed by an iron railing, adjoining the baggage room. A porter of the Houston & Texas Central Railroad Company was there, and to him the man in charge of the trunk for the transfer company pointed out the trunks and told him if Mr. Anderson called for them to show them to him, and he said he would do so. That is the last trace of this trunk. Appellee, on account of the rain, concluded to wait until the next morning before going to Humble, and the next morning went to the station, got his tickets, and went to the baggage room to have his trunks checked. He found there three of the trunks, but the fourth was missing. The case on this appeal turns upon the question as to whether the deposit of the trunk at the place referred to was a delivery to the appellant.

[1] Upon this issue the testimony of several witnesses was introduced, over the objection of appellant, as to the custom prevailing for many years in regard to the delivery of baggage to appellant at this station. The general effect of this testimony was to show that there was adjoining the baggage room, at this station, a space inclosed by an iron railing which was used for the deposit of baggage of persons who intended to take passage on the trains of appellant, or any other of the railroad lines so using this station, and that this was the only place provided for this purpose. It was

further shown that it had been the settled and regular custom for many years for transfermen and others, who had baggage, trunks, etc., to be delivered to the Houston East & West Texas Railroad Company for passengers on that road, to deposit such baggage in this inclosed space, where it was kept until the passenger called to check it. There is no other place provided, and this has been the custom for 25 years. The transfer company did not give appellee a check for the trunk.

The evidence authorizes, and in deference to the verdict we find, the foregoing facts. This evidence was, we think, admissible, and this distinguishes the case from Gregory v. Webb, 40 Tex. Civ. App. 360, 89 S. W. 1109, and Trice v. Miller, 3 Willson, Civ. Cas. Ct. App. § 440, relied upon by appellant.

[2] It was the duty of appellant to provide a place for the deposit and keeping of baggage of intending passengers sent to the station in advance of the departure of trains, as well as for the keeping of baggage of incoming passengers until called for.·

[3] ·For the safe-keeping of such baggage deposited with them a reasonable time before the departure of the train, the railroad company would be liable as common carriers (Fleischman v. Southern Ry. Co., 76 S. C. 237, 56 S. E. 976, 9 L. R. A. [N. S.] 519, and cases cited), but in the present case we think, as matter of law, from the afternoon of one day until the forenoon of the next, as testified to by appellee, was an unreasonable time, and that appellant was only liable as warehouseman, which in this case makes no material difference.

[4] As to the admissibility of the evidence as to the custom referred to, ·and its effect in showing delivery to appellant, we think the authorities establish, with reasonable uniformity, the rule that "by custom or usage the placing of goods in the usual place of delivery to the carrier may amount to a sufficient delivery and acceptance, although no notice to the agent of the carrier is shown." 6 Cyc. 414. The doctrine is also stated that "a regulation that baggage shall not be checked until a ticket is procured is reasonable, but the carrier cannot limit its liability by refusing to take charge of baggage until the procurement of a ticket." 6 Cyc. 670. The doctrine stated in Cyc. finds support also in the following authorities: Hutchinson's Carriers, §§ 90, 91; Montgomery & Eufala k. R. Co. v. Kolb, 73 Ala. 396, 49 Am. Rep. 57, 58; Green v. M. & P. Ry. Co., 38 Iowa, 100; Id., 41 Iowa, 410; G., C. & S. F. Ry. Co. v. Pool, 10 Tex. Civ. App. 682, 31 S. W. 689.

[5] The court did not err in admitting the evidence as to the custom. The question was submitted to the jury as to whether there was a delivery to appellant, in a proper charge. The evidence is sufficient to support the verdict.

We find no error authorizing a reversal, and the judgment is affirmed.

Affirmed.