MARY A. KOPECKY, Appellant, v. HASEK BROTHERS et al., Appellees.

**PHYSICIANS AND SURGEONS:** Negligence—Abnormal Result of Treatment—Justifiable Inference. Injurious results following treatment by a physician when such results do not, as a rule, follow ordinarily careful and skillful treatment, may, in the absence of explanation, justify the jury in finding negligence, even though there be no *direct* evidence that the physician departed, in the treatment, from the standards of his profession. So held in an action against a dentist for negligently breaking through the wall of the root of a tooth and filling the tooth in that condition, with resulting infection.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

TUESDAY, MAY 22, 1917.

ACTION at law to recover damages. The material facts are stated in the opinion. There was a directed verdict and judgment for defendants, and the plaintiff appeals.—*Reversed and Remanded.*

*F. L. Anderson* and *Frank F. Messer,* for appellant.

*Heald & Lockwood* and *Redmond & Stewart,* for appellees.

WEAVER, J.—The defendants are en-

PHYSICIANS AND
SURGEONS: negli-
gence: abnormal
result of treat-
ment: justifiable
inference.

gaged as partners in the practice of dentistry at Cedar Rapids. During the year 1912, they undertook to treat and fill one of the plaintiff's teeth, and continued such treatment from time to time for a period of about two months. In her petition in this action, plaintiff alleges that said treatment was administered and the work of filling the tooth was performed in a careless and negligent manner; that, in drilling and preparing the tooth to receive the filling, the operator negligently punctured or broke through the wall of the root of said tooth, but concealed the fact from plaintiff, and thereafter proceeded to insert the filling, doing the same in such manner as to cause or allow the filling to extend through the puncture and irritate and inflame the tissues and membranes surrounding the tooth, causing abscesses and other abnormal conditions in the parts adjacent thereto. She further alleges that, by reason of such negligent and improper treatment, she was made to suffer much physical pain and mental anguish, and was compelled to submit to other dental, medical and surgical treatment, thereby incurring great expense and suffering much pain, as well as other damage in loss of time and permanent impairment of her health.

The defendants admit that they are practicing dentists, and hold themselves out to the public as possessing the ordinary skill of members of the profession in Cedar Rapids and vicinity, and admit that as such dentists they did treat the plantiff. They further aver that, in the course of the treatment, they removed a filling from plaintiff's tooth, treated and refilled it, and that all the service so performed for her was done in a skillful and proper manner, and deny each and every charge of negligence made in the petition.

A jury was empanelled to try the issues of fact thus

joined, and, at the close of the testimony, the court, upon motion of the defendants, directed a verdict in their favor. From this order, and from the judgment entered on the directed verdict, the plaintiff appeals.

As will be noted from this statement, the vital question in the case is whether the evidence was such as to justify its submission to the jury. The tooth treated by defendants was subsequently extracted by another dentist, and was introduced in evidence on the trial. It shows a cavity extending from the grinding surface into the root, and a puncture or opening through the wall or shell of the root. The evidence of witnesses further tended to show that the dentist who first treated plaintiff after the defendants ceased giving the tooth attention, discovered the puncture and found pus around the tooth. This dentist further testifies that such opening through the root as he there found could "scarcely be caused by anything except mechanical work in the removal of the nerve. By that I mean a dentist working with an instrument about the tooth." This witness further testifies that, in proper treatment, the nerve should be killed without puncturing the root, because, when such an opening is made, infection is liable to enter through it. He also gives it as his opinion that the puncture was made from the inside of the root; that punctures are not common occurrences and are not frequently made by dentists. This expert testimony was corroborated or supported by the evidence of other witnesses. The plaintiff, testifying in her own behalf, says that, until she went to the defendants for treatment, the tooth had never been treated or filled by any other dentist, and that, upon examining the tooth, defendants told her it was not necessary to extract it, and it was a fit tooth to be filled. The dentist then put medicine in the tooth, and, having sealed it, told her to return the next week. When she returned as directed, the treatment was repeated, and she was again

asked to return later, which she did. On this occasion, the
operator professed to have removed the nerve, and did
some grinding or excavating in the cavity or root. On her
next visit, he undertook to drill in the tooth, when she felt
a hurt or pain, of which she complained, but he told her
there was no trouble, and again applied medicine, and dis-
missed her until the next week. On her return, she com-
plained to the operator of a discharge from the tooth, and he
told her the discharge did not come from that source, and
that, if she suffered from any pain, it was from an ingrowing
tooth which was missing in that jaw. He then filled the
tooth. Later, she returned to the defendants, complaining
of severe pains apparently proceeding from that tooth, and
they assured her there was nothing wrong with it, saying
also they would take the tooth out if she said so, but it was
not necessary. Thereafter, still suffering in the same man-
ner for a period of several months, she applied to other den-
tists and physicians, who removed the tooth. In the course
of the treatment, she was twice subjected to other surgical
operations upon the bones or structure of the jaw and
face, above and adjacent to the tooth. She was in the
hospital at Iowa City under such treatment, for several
weeks. Prior to the experience of which she complains,
she appears to have been a woman in sound health, able,
and accustomed to the labor of housekeeping on a farm,
and she says that, by reason of her injury from the im-
proper treatment at the hands of the defendants, she was
rendered unable to perform her work for a period of
nearly two years.

The defendants offered no evidence on their part, but,
at the close of plaintiff's case, presented their motion for
a directed verdict, which was sustained. The ground of the
motion, briefly stated, was that the evidence was insuffi-
cient to find that the defendants were negligent as charged
in the petition.

We are of the opinion that the court should have denied this motion. Of course, this is not saying as a matter of law that the defendants were negligent, but giving, as we must on a record of this kind, that construction to the testimony which is most favorable to the appellant, we are very clear that we cannot say as a matter of law that there is an entire failure of evidence to support the charge made in the petition. If the expert witnesses are to be credited, the jury could properly find that the puncture in the tooth was made from the inside, and that the only reasonable theory of its existence is that it was made by the dentist's instruments in preparing the tooth for filling, and that this result does not ordinarily follow such treatment by a skillful practitioner. It could further properly be found that such puncture was made before the tooth was examined by the dentists who followed defendants in treating the plaintiff, and that defendants were the only dentists who, up to this time, had treated this tooth. We think it also reasonably clear from the evidence that the injury resulted in infection of the parts surrounding the tooth, and that plaintiff's subsequent pain and suffering and the necessity for the other treatment had by her were caused thereby.

Counsel's argument in support of the judgment below is confidently based upon the proposition that the evidence fails to show any negligence or lack of ordinary skill on the part of defendants, and this seems to be based on the theory that, in order to recover, there must be direct testimony that they in some way departed from the "recognized rules and standards of their profession." But this is not the rule. Negligence may be found from facts and circumstances from which the want of due care is a reasonable inference, as well as from direct evidence by experts or others. If an injurious result is shown to have followed

the treatment, such result as does not ordinarily attend or follow when due care and skill have been exercised by a competent operator, an inference of negligence is justified, in the absence of explanation, and if a jury so finds from such a showing, its verdict thereon is not without support. We had occasion to discuss this subject in the recent case of *Evans v. Roberts,* 172 Iowa 653, where the rule above stated was applied. See also *Reynolds v. Smith,* 148 Iowa 264. We are content to reaffirm the principles upheld in those cases, as well as in numerous precedents of like import which we will not prolong this opinion to cite or discuss.

It follows of necessity that the judgment of the district court must be reversed and the cause remanded for a new trial.—*Reversed and Remanded.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.