Statement of the Case.
MONROE, C. J.
Plaintiff sues in her own behalf and in behalf of her minor child (a boy, then about 5 years of age) for damages alleged to have been sustained by them by reason of an accident, attributed to the fault of the defendant,- whereby her husband— father of the child — received injuries from which he died. |
It appears that the decedent and a companion named Wright, with three others, including the chauffeur, were riding in a hired automobile, which was struck by one of defendant’s trains at a street crossing in the city of Crowley, with the result, as to Wright and the decedent, that they were so injured that they died within say 30 minutes. Wright’s widow brought suit for herself and children, and recovered damages (Broussard v. Louisiana Western R. Co., 140 La. 517, 73 South. 606), and the evidence taken in that case is relied on in this. It is, however, conceded in the brief herein filed by defendant’s counsel that “the sole question” is the question of damages to be allowed to plaintiff and her minor child, “and that both the widow and the minor child are entitled to a small amount”; but it is contended “that $1,500 for the minor and $1,000 for the widow is more than sufficient under the facts elicited,” whereas, the amount allowed by the trial judge was $3,000 for the minor and $1,500 for the widow, which amounts, counsel for plaintiff, who has answered the appeal, think should be largely increased.
It is shown by plaintiff’s testimony that she was married to the decedent on December 15, 1900, and that they took up their abode at her father’s house — he being an old man, who earned about $30 per month and possessed little or no property save the home in which he lived, worth $500 or $600; that decedent left plaintiff 14 days after their marriage; that they were reunited on March 21, 1907, and went to live at the home of decedent’s father, where they remained together until June 16th, during one month of which time decedent did not speak to plaintiff, and at the end of which he sent her back to her father, and that they have never lived together since then, or had anything to do with each other, though decedent lived next door; that decedent has never contributed one cent to the support of either his wife or the child (who was born in February, 190S), and, since the last separation has never displayed any interest whatever in either of them; that, at the time of his death, he was employed by a relative of plaintiff in a pool room, and had been so employed, off and on, on previous occasions; and that he earned “about” $30 a month and his board, “something like that” — the testimony of his employer on that subject being rather vague. It is said that he also acted, at times, as assistant town marshal; but there is no evidence that he earned anything in that capacity, nor is it shown that he ever earned any money in any other employment than in the pool room. He is said to have been 25 or 26 years of age at the time of the accident,, to have been conscious for a lit> *321 tie while afterward, and to have said to some one, just before his death: “Tell my wife, good-bye; nobody is to blame but me.”
Plaintiff was unable to explain her husband’s conduct in abandoning her and the child, and testifies that, though she was not at fault, she still loved him, and, up to the time of his death, hoped that he would return to her.
Opinion..
[1] The weight of authority seems to support the doctrine that a wife and child, whom the husband and father has abandoned, may nevertheless recover damages for his negligent hilling, although at common law they do not succeed to his right of action; the theory, as stated in Ingersoll v. Detroit & Mackinac R. Co., 163 Mich. 268, 128 N. W. 227, 32 L. R. A. (N. S.) 362 (cited by plaintiff’s counsel), being that:
“The legal liability of a father and husband to contribute to the support of his wife and minor child may be the basis of assessing damages against one who has negligently caused his death, although he had deserted the wife and child, and they did not know his whereabouts and were being supported by the wife’s father.”
Under our Civil Code the husband and father is civilly liable for the maintenance of his family, and under the criminal statutes may be convicted and imprisoned for their nonsupport. Moreover, “the children or widow of the deceased, or either of them,” where the death results from the fault of another, succeed to the right of action which he had at the moment of his death, and which includes a right of action for damages for mental as well as physical suffering from the moment of the injury.
Our law also imposes upon the children the obligation, where the necessity arises, to support their parents, and it has been held by this court, in a case in which the parents were divorced, and the son, 18 years of age, had left the father, in unkindness, and clung to the mother, that the father was nevertheless entitled to' recover damages alleged to have been sustained by reason of his negligent killing, though it was said by the court:
“In view of the unfortunate relation of the father towards. his family, the amount is fixed at $1,500.” Le Blanc v. United Rice Milling & Irrigation Co., 129 La. 203, 55 South. 761.
[2] Other authorities are cited in support of the view entertained by plaintiff’s counsel, but they fail to convince us that the amount awarded by the trial judge in this case should be increased. On the other hand, considering that the claim of the minor is that which the law gives him, in his own rights, plus that of his deceased father, to which he has succeeded, and that the father survived long enough to realize that he had been mortally injured, and to undergo both mental and physical suffering, we find no sufficient reason for reducing that amount.
The judgment appealed from is therefore affirmed.