## COMEAUX v. MILES

(July 7, 1928. Opinion and Decree.)
(September 4, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and Review denied by Supreme Court.)

Arthur Landry, of New Orleans, attorney for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit against a dentist for damages, alleged to have been sustained, owing to the unskillful and negligent extraction of a tooth. Plaintiff sued for $25,341.15 and was awarded judgment in the sum of $3841.45. Defendant appeals.

The petition charges the defendant, personally, with negligence, but on the trial evidence was introduced over the objection of defendant's counsel to show that an employee of defendant extracted the tooth and caused all the trouble, and plaintiff now seeks to hold defendant responsible under the law applicable to master and servant.

It is contended in this Court that this evidence should have been excluded because unresponsive to any allegation in the petition and violative of the fundamental rule concerning the necessity of alleging what is intended to be proven. We concede the force of this argument and are of opinion that the trial court should have excluded the evidence until the petition had been properly amended, but the rule is different on appeal.

Davis vs. Arkansas Southern R. Co., 117 La. 320, 41 So. 439; LeBlanc vs. United Irrigation & Rice Milling Co., 129 La. 196, 55 So. 761.

Moreover, defendant pleaded surprise, and was granted a delay of twenty-four hours to obtain his witnesses to overcome the evidence thus introduced and the case was fully tried with both sides presenting their testimony on all points.

Plaintiff, who had been a patient of Dr. Capo, was induced to go to Dr. Miles' establishment by a friend of hers, Mrs. Kentzel. She was waited on by Dr. Mount, an employee of Dr. Miles. Dr. Mount, after some persuasion, pulled one of plaintiff's molar teeth. In doing so he broke the tooth, and left fragments of the roots in her jaw. Both plaintiff and her friend Mrs. Kentzel, who was present, insist that Dr. Mount claimed to have removed all the pieces of tooth. Dr. Mount, testifying, denied this statement and claimed to have told plaintiff to return the next day, when he would remove the broken root. In our opinion, the question of Dr. Mount's negligence turns upon the issue of veracity as between plaintiff and her friend, on the one hand, and himself on the other. Because, if he recognized the fact that the tooth was broken, under the evidence, he was guilty of no negligence, for all dentists who testify as experts are agreed that in extracting teeth it is not uncommon for the teeth to break, and without fault on the part of the operator. He testified that he knew the root was not extracted and didn't remove it at once because of the extreme nervousness of plaintiff, and, that he didn't remove it the

next day because he wished to heal the lacerated gums, administering treatment to that end, and that on the following day plaintiff would not permit him to remove it. Plaintiff testifies that she was told the tooth and its fragments had been entirely removed and asked to return for treatment of her aching and lacerated gums; that she continued to suffer and sought other advice, medical as well as dental, obtaining an x-ray and exhibiting it to Dr. Mount, who, then for the first time, acknowledged the presence of the broken tooth in her jaw and offered to extract it, which offer she indignantly refused. Dr. Miles also offered to remove the root and his offer was also declined. Plaintiff is corroborated by her friend, who may be said to be influenced by her friendship, but we believe that probabilities also support plaintiff.

In the first place the usual practice is to remove the fragments of broken teeth at the same sitting, and if, as Dr. Mount claims, his patient was nervous, she should not have been humored, particularly since the operation was painless (it is testified and not denied that Dr. Mount offered to pay plaintiff $100.00 if in extracting the tooth he hurt her). The root should have been removed the next day even if the gums were not healed because, from the evidence in the record, and as demonstrated by the consequences, there was considerable danger in allowing it to remain for any length of time. Finally, it is not probable that plaintiff would have had an x-ray taken to reveal the presence of the broken root, without the knowledge of Dr. Mount, and exhibit it to him, if she had been previously informed of the presence of the broken tooth.

We conclude that Dr. Mount did not advise plaintiff of the remaining root in her jaw, perhaps because he did not know of it, but in any event his failure to take the proper steps to protect plaintiff against the danger incidental to the presence of the broken tooth in her mouth was negligence, for which under the doctrine of respondent superior, defendant is liable. The degree of care which the law exacts of physicians and dentists is that usually exercised by practitioners in good standing. Stern vs. Laurg, 106 La. 738, 31 So. 303.

Plaintiff suffered considerably from her broken tooth. It is testified by Dr. Mermullion, a dentist of high standing in his profession, that pus was being discharged into the blood stream, and that a general anaesthetic was administered and a surgical operation necessary for the dissection of the root from the alveolus, and that x-ray pictures showed lesion or cuts from the attempted extraction. Plaintiff was treated for some time after the operation and experienced much pain. However, the award of the trial judge was excessive and we have concluded to reduce it to $1000.00. As thus amended the judgment appealed from is affirmed.