NELLE E. WAMBOLD, Appellant, v. H. B. BROCK, Appellee.

No. 46718.

JULY 27, 1945.

REHEARING DENIED SEPTEMBER 22, 1945.

Carl S. Missildine and Ralph N. Lynch, both of Des Moines, for appellant.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellee.

MANTZ, J.—Nelle E. Wambold, plaintiff, brought action for malpractice against H. B. Brock, a dentist of Des Moines, Iowa. Division I of her petition was based upon the doctrine of res ipsa loquitur, pleaded general negligence, and alleged that the defendant, in extracting an impacted tooth, fractured her lower left jaw and then negligently failed to set the jaw and reduce the fracture, although he had sole control.

In Division II plaintiff pleaded specific negligence: first, in negligently and unskillfully failing to set her jaw; and second, in failing to advise plaintiff that her jaw was fractured and that the fracture should be reduced.

Defendant by answer admitted the extraction, denied the fracture and any negligence in failing to set the jaw, and denied that plaintiff was free from contributory negligence.

When plaintiff rested, the trial court, upon defendant's motion, directed a verdict against plaintiff, ruling that plaintiff's evidence was insufficient on both divisions of the petition, and judgment for costs was rendered against plaintiff. Plaintiff has appealed.

I.  Upon the record as it now stands we find it unnecessary to pass upon the correctness of the ruling of the trial court in dismissing Division I of the petition of appellant relating to the application of the doctrine of res ipsa loquitur. We will dispose of the appeal upon the questions arising out of the action of that court in dismissing Division II of said petition wherein specific acts of negligence were claimed. We hold that under the record the court erred in dismissing said Division II.

The court having directed a verdict against the appellant, the evidence introduced, under the familiar rule, is to be viewed in the most favorable light in her behalf.

We will set out the ruling of the court upon Division II of appellant's petition wherein the court directed a verdict:

"As to the motion to direct a verdict for the defendant on Division II of plaintiff's petition, it is the opinion and conclusion of the court that the evidence of the plaintiff is insufficient to establish a prima facie case of negligence on the part of the defendant. To all of which plaintiff excepts."

To pass upon the correctness of this ruling by the court it is necessary to make an examination of the evidence as shown by the record. In this connection it is to be kept in mind that in Division II appellant relies upon two specific acts of negligence: (1) negligently and unskillfully failing to set her jaw and (2) failure to advise appellant that her jaw was fractured and that the fracture should be reduced. These matters both involve fact questions.

II. We think that there is in the record competent evidence from which the jury could find that appellant, a lady of forty-six years, had for seventeen years been a patient of appellee, a dentist; that she had confidence in him; that on October 22, 1943, she went by appointment to his office in Des Moines, and while in his dental chair for several hours had dental work done by him, a part of which was the extraction of a molar tooth in her lower left jaw; that on its removal her jaw was fractured and she suffered pain; that appellee then took an X-ray picture of the left side, where the tooth had been removed; that appellee, at the suggestion of appellant, called her family physician, Dr. Henry, who came to appellee's office and conferred with appellee; that in the presence of appellant, appellee advised Dr. Henry that he had extracted a tooth for appellant; that in his private office, when appellant was not present, he showed Dr. Henry the X-ray picture and also showed him one taken before the extraction. He pointed out to Dr. Henry a line on the X-ray picture taken following the extraction and said it was a possible fracture. Dr. Henry could see the line indicating the possible fracture. This line went diagonally but showed no displacement at that time. Dr. Henry took appellant home and treated her as directed by appellee, putting a bandage around her head to support her jaw, and giving her

something to relieve the pain. Appellee told Dr. Henry that it was advisable to support her jaw and stated that he regarded that as proper treatment. Dr. Henry testified that when there is a fracture the muscles will draw the fragments apart and that for proper treatment splints or wires are used to keep the fractured ends from being pulled apart.

The evidence shows that in extracting the tooth the lower jaw was fractured but that appellee never attempted to set the same by use of either wire or splints and that his only treatment over a period of several weeks was to wash out the cavity caused by the extraction; that he left town for a couple of weeks and advised appellant to see a dentist in his absence and have her wound washed out while he was gone; the latter, Dr. Frick, gave the same treatment as was given by appellee. Upon appellee's return, appellant visited him on three occasions, on each of which he washed out the wound. The appellee did not suggest to appellant that her jaw had been fractured in the extraction of the tooth.

Following this appellant had some X-ray pictures taken and consulted Dr. Lanphere several times and later went to Rochester for an examination of her jaw. The X-ray pictures taken for appellant showed a jaw fracture. When she went to see Dr. Lanphere there was a noticeable swelling of the jaw in the vicinity of the fracture. Dr. Lanphere, a specialist in oral surgery of about twenty-four-years' experience, testified that he had examined appellant's jaw on November 24, 1943, and seven or eight times since that date; that the X-ray pictures show a complete fracture of the jaw; that she had some swelling, drainage, and discomfort; also that in fracture cases "the sooner the better" to stabilize and immobilize the fracture by wire, splints, or a combination of the two, bandages and wires used together; that such is the proper and usual method pursued in such cases; that nothing of this nature had been done when appellant first came to see him. Witness testified that he could have reduced the fracture if he had seen appellant within forty-eight hours after the occurrence. We quote one question and the answer given by Dr. Lanphere on direct examination:

"Q. Are there any other methods known for the reduction of a fracture than the ones you have mentioned, doctor, for an

angular fracture of the lower jaw? A. For all practical purposes there are none other than named, to reduce—splints, wiring, or other things. It makes no difference whether the practitioner is a specialist, or expert, there are just so many ways to make a reduction of a broken bone.''

There was evidence tending to show appellee knew that in extracting the tooth for appellant her jaw was fractured; that he did not advise her of that fact; that he made no attempt to reduce the fracture, doing nothing in that direction; and that appellant at all times relied upon and followed the advice given by him as to the treatment necessary.

On the legal proposition, as to the duty of the court in case there is evidence from which the jury might find the appellee negligent in the particulars charged by appellant, we call attention to a number of holdings of this court: In re Estate of Kern, 141 Iowa 620, 118 N. W. 451; Way v. Illinois Cent. R. R. Co., 35 Iowa 585; Green v. Milwaukee & St. P. R. R. Co., 38 Iowa 100 [affirmed 41 Iowa 410].

Under the record in this case we hold that there was ample evidence upon which the jury could find that the appellee was negligent in the particulars claimed by appellant in Division II of her petition. We hold that the court erred in dismissing her petition. See Bartholomew v. Butts, 232 Iowa 776, 5 N..W. 2d 7; Kopecky v. Hasek Bros., 180 Iowa 45, 162 N. W. 828; Evans v. Roberts, 172 Iowa 653, 154 N. W. 923.

III. Dr. Lanphere, a specialist in oral surgery, who had practiced dentistry in Des Moines since 1921, specializing in extractions and dental surgery, was called as a witness for appellant. He testified of his examination and treatment of appellant and stated in effect that due to the condition of her jaw when she came to him he felt he could not remedy her condition. He also testified as to the usual and proper treatment of bone fractures. The appellee objected to his competency. The objection was overruled by the court and correctly so. It is somewhat difficult to follow appellee in his argument in support of his objection. It is known that nearly all general practitioners frequently deal with bone fractures. The method of treatment in such cases is almost a matter of common knowledge. In the

extraction of teeth, fractures of the jaw happen at times. Dr. Lanphere specialized in the extraction of teeth and it could hardly be claimed that he was not familiar with that work or that he lacked knowledge as to the treatment in fracture cases.

IV. On this appeal appellee urges that appellant failed to establish her freedom from contributory negligence. His specific claim is that she failed to keep on her jaw the bandage placed there by Dr. Henry following the latter's visit to appellee's office. The ruling of the court makes no mention of contributory negligence and it is doubtful if the court considered such factor in ruling. The record shows that the tooth was extracted on Friday and that appellant returned to appellee's office on the Monday following. She returned regularly for several weeks thereafter. At no time did she wear the bandage. The record shows that appellee never advised appellant to wear the bandage and never insisted on her wearing it or objected to her not wearing it at any time. She was returning to his office for treatment and would be subject to his direction. If she needed the bandage it was a part of his duty to so advise. The failure to do something which he should have advised her to do could hardly be the basis of a claim of contributory negligence. Further, in personal injury cases, the question of contributory negligence is ordinarily for the jury. We hold that in this case such rule should be applied. Rogers v. Jefferson, 224 Iowa 324, 275 N. W. 874; Lawson v. Fordyce, 234 Iowa 632, 12 N. W. 2d 301; Sanford v. Goodridge, 234 Iowa 1036, 13 N. W. 2d 40; Huffman v. King, 222 Iowa 150, 268 N. W. 144, and cases there cited.

V. As to appellant's claim that appellee failed to advise her of the fracture and how it should be reduced, we think that there is in the record ample evidence to warrant the jury in so finding. We think that it was appellee's duty to notify appellant of the fracture in order that she might have the same treated. The evidence shows that such injuries should be treated promptly. In fact, it is a matter of common knowledge that bone injuries, particularly fractures, should receive prompt attention.

We have not been cited to any Iowa case passing directly upon this matter. We have found many cases in other jurisdictions holding that the relation of a physician to his patient is one of trust and confidence and that it is the duty of the physician to act with the utmost good faith toward the patient and that it is his duty to advise the patient as to the proper and necessary treatment for injuries which he is called upon to treat and that his failure to do so is negligence. Tvedt v. Haugen, 70 N. D. 338, 294 N. W. 183, 132 A. L. R. 379, 392; Burton v. Tribble, 189 Ark. 58, 70 S. W. 2d 503; Smith v. Zeagler, 116 Fla. 628, 157 So. 328; Ernen v. Crofwell, 272 Mass. 172, 172 N. E. 73, 69 A. L. R. 1140; Schmit v. Esser, 183 Minn. 354, 236 N. W. 622, 74 A. L. R. 1312; Comeaux v. Miles, 9 La. App. 66, 118 So. 786.

We think it is a well-established rule of law that a professional man, such as a dentist, is bound to use reasonable care in the performance of his professional duties. Naturally, such care would include giving advice to his patient as to his condition. This, we think, is fully as imperative as giving the treatment itself. See annotation 129 A. L. R. 101. There cases from many jurisdictions are cited and discussed, among which is the case of Whetstine v. Moravec, 228 Iowa 352, 291 N. W. 425. See, also, Nelson v. Sandell, 202 Iowa 109, 209 N. W. 440, 46 A. L. R. 1447.

Whether or not in the instant case appellee used such reasonable care was a question of fact for the jury.

It has been held that a dentist who for any reason is unable to personally exercise the skill ordinarily exercised by dentists in the community may be under a duty to inform the patient of that fact so that the patient may seek treatment elsewhere. Vigneault v. Dr. Hewson Dental Co., 300 Mass. 223, 15 N. E. 2d 185, 129 A. L. R. 95. For a further discussion of the general standards of skill and care as applied to professional persons such as dentists, and postoperative treatment of cases, see annotation 132 A. L. R. 392.

On account of the errors above indicated the case is reversed.—Reversed and remanded.

All JUSTICES concur.