REMBERT<br>v.<br>WHITWORTH.

---

## ESTATE OF T. J. HICKMAN v. PETER BOGGUS.

Where by an evident clerical error, a different name from that of the defendant in the suit has been inserted in the prayer of the petition, the suit should not be dismissed, but leave granted to correct the error by an amendment *instanter*.

APPEAL from the District Court of the Parish of Rapides, *Cullom*, J.

*Ogden & Ryan*, for plaintiff and appellant. *W. B. & J. C. Lewis*, for defendant.

LAND, J. This suit was commenced for the recovery of a slave, and was dismissed on an exception to the petition, the nature of which will best appear from the petition itself, and the exception thereto, which are as follows:

"The petition of *Valery Gainnie*, a resident of the parish of Natchitoches, and administrator, duly qualified, of the estate of *Thomas J. Hickman*, deceased, shows that the said *Thomas J. Hickman*, in his lifetime, possessed as owner a certain negro man slave for life, named *Adam*, of black complexion, and aged about fifty-five years, which slave was acquired by him by purchase from *Jonathan West*, on the 28th day of February, 1852, by an authentic act passed before *A. L. Bringhurst*, Notary Public, and duly of record in the office of the Recorder of the parish of Rapides. He shows that the estate of the said *Thomas J. Hickman* has continued in the ownership of the said slave up to the present time, and has had possession of the same up to a recent period, but that the said estate and your petitioner, as administrator thereof, have been disturbed in their said possession, within the last twelve months, by one *Peter Boggus*, a resident of your parish of Rapides, who has tortiously taken possession of said slave and refused to give him up, although thereto amicably requested. He shows that said slave ran away from petitioner, and that the defendant has taken possession of him, and absolutely refuses to surrender him, notwithstanding that due demand has been made of him by the overseer who had the slave in charge for said estate, and for your petitioner, as administrator. He shows that said estate has sustained

77

damage by the illegal detention of said slave, to the amount of three hundred dollars. He prays that the said *Jonathan West* be duly cited to answer hereto, and that he be ordered and condemned to deliver up said slave to your petitioner, and that he have judgment against him for the sum of three hundred dollars as damages as aforesaid. Your petitioner also alleges, that he fears that the defendant will send the said slave out of the jurisdiction of the court during the proceedings of this suit. Wherefore, he prays for a writ of sequestration, on his complying with the requisites of the law, and that the Sheriff of your said parish be commanded to sequester and take into his possession the said slave, in order that he may be restored to the possession of your petitioner, under the judgment to be herein rendered by the court. He prays also for a judgment against the said *Peter Boggus,* for the costs of this suit and for general relief."

EXCEPTION.

" *Estate of T. J. Hickman* v. *Peter Boggus*—District Court, Parish of Rapides,
No. 6174.

" *Peter Boggus,* who has had a copy of the petition and a citation in the case above named, served upon him, in obedience to the order contained in said citation, comes into court and says, he does not know how he can be made responsible for the costs of a suit in which he is not a defendant. By reference to the prayer of the petition, it will be seen that the plaintiff asks for a citation against *Jonathan West,* for the possession of a slave alleged to be in the possession of *Peter Boggus,* and for damages, and concludes by asking a judgment against *Peter Boggus* for costs. Plaintiff does not ask for citation against *Boggus,* but only against *West,* nor does he ask for judgment for possession of a slave and damages against *Peter Boggus,* but only asks that *Peter Boggus* pay the costs of a suit against *Jonathan West.* Now, your respondent says, that he ought not to have had any document or citation served on him, and avers that the whole proceeding is erroneous, and so far as he is concerned, asks the court to dismiss the same with costs. He says, no judgment being asked for, none can be rendered against him. He prays for general relief," &c.

The name of *West* used in the prayer of the petitioner, is evidently a clerical error, and the judgment of the lower court should have granted to plaintiff leave to correct it, by an amendment *instanter.*

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded for further proceedings according to law, with leave to plaintiff to correct the clerical error in his petition, and that defendant pay the costs of this appeal.