JAS. M. DELANEY v. MRS. CHARLES LITTLE, Appellant

---

(January 4, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 62, 71.**

An exception of no cause of action is properly referred to the merits when evidence admissible under the pleadings would establish a cause of action.

2. **Louisiana Digest—New Trial—Par. 34, 40, 41.**

Irregularities in motions for a new trial, such as absence of affidavit, or affidavit made by attorney, or failure to serve motion are of little, or no importance, as courts may ex officio direct a new trial when amended petition is not material; no service of it is necessary. The tendency of modern practice is to yield as little as possible to technicalities and to afford aid as far as practicable to the filing of amendments which work no injury and prevent useless delays and costs and subserve the ends of justice.

Appeal from First City Court. Hon. W. Alex. Bahns, Judge.

This is a suit for rent. There was an exception no cause of action filed by the defendant.

There was judgment in favor of defendant dismissing the suit as in case of non-suit.

On trial of a rule in the lower court judgment was reversed and finally entered for plaintiff.

Defendant appealed.

Judgment affirmed.

Richard T. McBride, of New Orleans, attorney for plaintiff, appellee.

W. O. Hart, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for rent.

The plaintiff alleged that on June 1, 1924, by verbal lease, he rented to Mrs. Anna Little, wife of Charles Little, the premises, 1109 Baronne street, "in her separate and paraphernal capacity", for the monthly rent of $65.00 payable in advance; that there is a balance due for the month of May, 1925, of $60.00, and that the month of June is also due, making $125.00, for which he prayed judgment.

The defendant excepted that the petition disclosed no cause of action.

There was judgment in favor of defendant dismissing the suit as in case of non-suit.

A motion for a new trial was filed on same day, June 19, 1925, on the ground of newly discovered evidence, to the effect that the defendant had been divorced by judgment rendered March 16, 1925, by the Civil District Court in Suit No. 153,371.

The defendant excepted to the rule for a new trial on the ground that he had not been served, and that there was no affidavit to it, and that the petition could not be amended after an exception of no cause of action.

On the trial of the rule the Court allowed the plaintiff to file his affidavit instanter.

On the trial of the rule the defendant testified that she had been divorced on March 16, 1925, by the judgment above mentioned, and that she owed the rent claimed by plaintiff.

There was judgment for plaintiff and defendant has appealed.

In this court the defendant has assigned seven errors in the judgment.

First:   That the court erred in not main taining the exception of cause of action

The petition alleged that the defendant had leased the property "in her separate and paraphernal capacity".

It might well be that under those alle gations the defendant said to be a "wife" might be liable individually for household expenses.   C. C. 2495 (2409).

The court therefore properly referred th exceptions to the merits.

Second and Third:   The court erred ir entertaining a motion for a new trial supported by the affidavit of the attorney only, and in allowing the plaintiff himself to make the affidavit on the trial of the rule.

Both errors are answered by the case of Nessans vs. Colomes, 130 La. 375, 57 South. 1010, where the court said:

"We think the new trial should have been granted.   True, the application for a new trial was not sworn to, but plaintiff offered herself as a witness and was duly sworn, and would have testified to the truth of her allegations.   New trials are granted in the interest of justice and are left largely to the discretion of the trial judge; in other words, in the matter of the granting of them, form must yield to the substance and call of justice."

But irregularities in applications for a new trial are of little or no importance as courts "may ex officio direct a new trial in order to revise their judgments". C. P. 547.

In Underwood vs. Lacapere, 10 La. Ann. 766, the court said:

"The court might have granted a new trial ex proprio motu, and we could not have interfered with an exercise of its discretionary powers."

In the case of State ex rel. Shreveport Cotton Oil Co. vs. Blackman, 110 La. 266, 34 South. 438, the court said, p. 269:

"So far as granting the new trial was concerned, that might have been done within the legal delays by the judge, ex proprio motu.   He has, within such delays, such control of the judgment that, if satis fied of an error committed, he may, with or without a formal motion for a new trial having been filed by the party cast, direct the judgment he has rendered set aside and a new trial ordered."   Authorities.

The tendency of modern practice is to yield as little as possible to technicalities and to afford aid as far as practicable to the filing of amendments which work no injury and prevent useless delays and costs and subserve the ends of justice.   Davis vs. Arkansas Southern R. R. Co., 117 La. 320, 323, 41 South. 587; Jelks vs. Robert Smith, 5 La. Ann. 674; Richardson vs. Fenner, 10 La. Ann. 599; Sisters of Charity of Incarnate Word vs. Emery, 144 La. 623, 81 South. 99.

Fourth:   That the court erred in trying the rule without service of the amended af fidavit upon the defendant.

When an amended petition is not mate rial no service of it is necessary.   Reynolds, Byrne & Co. vs. Yarborough, 7 La. Ann. 188; Lockhart vs. Harrell, 6 La. Ann. 531; City of New Orleans vs. Saloy, 11 La. Ann. 420; Swilley vs. Low, 13 La. Ann. 412; Chaffe, Brother & Son vs. Thornton, Edwards & Robinson, 28 La. Ann. 837; Estate of Hickman vs. Boggus, 14 La. Ann. 609.

In Underwood vs. Lacapere, 10 La. Ann. 766, the court said:

"It is urged that the rule for a new trial was served upon the plaintiffs, and that it was made absolute as to the warrantors only, who had no notice.   Although they lived in a distant parish, they were bound to take notice of the orders of the court.   The court might have granted a new trial ex proprio motu, etc."

Fifth, Sixth, Seventh:   The three other alleged errors are entirely without merit.

The counsel had very little confidence in them as he did not appear to argue them.

Judgment affirmed.