No. 392

First Circuit

---

MERIDIAN LBR. CO. v. HOLT ET AL.

---

(February 13, 1929.  Opinion and Decree.)

---

Hardin, Hardin and Cavanaugh, of Leesville, attorneys for plaintiff, appellant.

L. D. Woosley, of Leesville, and P. L. Ferguson, of Leesville, attorneys for defendants, appellees.

LECHE, J.  Plaintiff filed this suit on May 4, 1925.  It alleges that it is the owner of the standing timber on the SE¼ of the SW¼ of Sec. 6 in Tp. 2 N. R. 5 W., situated in the Parish of Vernon; that the two defendants have trespassed upon its property and wrongfully removed therefrom 35,741 feet of yellow pine timber and it prays for judgment against the defendants in the sum of $1072.23, the value of its said timber.  Plaintiff at the time obtained several writs of attachment in order to seize property of the defendants.

On May 18, 1925, Walding, one of the defendants, filed a motion to dissolve the attachment on the ground of falsity of the allegations under which plaintiff had obtained the order for attachment.  That motion was referred to the merits.  On June 15, 1925, Walding excepted to plaintiff's demand on the ground that plaintiff did not own the property described as the timber on the SE¼ of the SW¼ of Section 6, and therefore had no right of action.  This plea, although called and styled an exception, was in reality an answer to the merits of plaintiff's demand.

On October 30, 1926, Walding filed an answer in which he reiterated that plaintiff did not own the property for whose value it sued, and in which he further prayed for damages and demanded that Frank C. Powell, his author in title, be called in warranty.

On May 20, 1927, plaintiff filed a supplemental petition, in which it alleges that it made a clerical error in its original petition, wherein it stated that it owned

the timber on the SE¼ of the SW¼ ·of Section 6, and prayed that said original petition be amended by inserting in lieu of the SE¼, the SW¼ of the SW¼ of Sec. 6, Tp. 2 N. R. 5 W.

Defendant objected to plaintiff's right to make such amendment and upon due hearing, the trial judge sustained defendant's objection, and entered judgment rejecting plaintiff's demand. The present appeal from that judgment was taken by plaintiff.

It appears from this statement of the case, that the question at issue is one of practice, whether under these conditions, plaintiff had the right to amend its original petition.

At the time plaintiff asked to amend its petition, issue had already been joined, but according to Art. 419 C. P., plaintiff may even then with the leave of the Court, amend his original petition, provided the amendment does not alter the substance of his demand by making it different from the one originally brought. In construing this article of the Code of Practice, the jurisprudence is to the effect that the trial judge is vested with much discretion in permitting amendments or in refusing to allow them to be made. This discretion as we understand the jurisprudence is judicial, but it is not arbitrary. Young vs. Guess, 115 La. 234, 38 So. 975; Schlotre vs. LeBlanc, 121 La. 923, 46 So. 921. It is also well established that amendments having for their purpose the avoidance of useless delays, are always favored in law and that technicalities should not stand in their way. Davis vs. Arkansas Southern R. R., 117 La. 320, 41 So. 587; LeBlanc vs. United Irrigation, 129 La. 196, 55 So. 761.

Here the matter to be decided is whether by changing the description in plaintiff's original petition, by substituting the words "SW¼" for the words "SE¼", amounts to an alteration of the substance of the demand. The trial judge believed that it was, and therefore refused the leave of his Court, and then, assuming that plaintiff's request to amend was an admission that it had no claim to the timber on the SE¼ of the SW¼ of Sec. 6, rejected its demand.

The question is not free from difficulty. It may be, and no doubt it was a clerical error on the part of plaintiff to have described property different from that upon which it based its demand, but on the other hand, plaintiff was seemingly guilty of laches in not sooner discovering the error and calling the Court's attention thereto. It filed its petition on May 4, 1925, and on June 15, 1925, defendant filed an exception in which he alleged that plaintiff did not own the property described in its petition. Again on October 30, 1926, defendant filed an answer in which it expressly charged that plaintiff did not own the property described in its petition. It was only on May 20, 1927, that plaintiff applied for leave to amend its petition. At that time defendant had filed his answer, and was prepared to make his defense against plaintiff's claim as alleged in its petition, but it may be that if the amendment were allowed, defendant would have to resort to another and a very different defense and that would constitute, so far as defendant is concerned, an alteration of the substance of the demand.

We are inclined to believe that the trial judge has properly exercised the discretion vested in him, and we are therefore of the opinion that the judgment appealed from should be affirmed, and it is accordingly so ordered.