REGAN, Judge.
The plaintiff, Joseph Randazzo, instituted this suit against defendant, Edgar Falgout, *643 endeavoring to recover the sum of $12,175 for personal injuries resulting from an accident which occurred on April 1, 1948, in Louisiana Highway No. 1, at 7:00 P.M.
Defendant filed exceptions of “no right or cause of action” and excepted to plaintiff’s petition on the ground that “it was so vague, general and indefinite that your defendant can not safely plead thereto.”
The court, a qua, maintained the exceptions of “vagueness” and “of no cause or right of action” and dismissed plaintiff’s suit at his cost.
The pertinent allegations of plaintiff’s petition read as follows:
“II. That on the first day of April, 1948, at approximately 7:00 P.M., petitioner, Joseph Randazzo, was driving his 1931 Chevrolet automobile in Louisiana Highway No. 1, known as the Jefferson Highway, in a northerly direction; that as he approached the area of the Foundation Hospital which is located wholly within the Parish of Jefferson, he was proceeding at about twenty miles per hour; at this time the motor began to falter and petitioner endeavored to keep the engine going by pulling the choke; that the automobile balked and stopped abruptly; that it came to rest on the extreme right-hand edge of said highway;
“III. That petitioner immediately got out of his automobile, which, incidentally, had a section in the rear for carrying purposes, giving said vehicle the appearance of a semi-truck; that petitioner went to the rear to check the amount of gas in the tank; that he stooped and looked under the back section to check and see whether he was out of gas;
“IV. That before he could uncap the gas tank, a 1937 Chevrolet coupe, driven and owned by defendant in a reckless and careless manner, negligently collided with petitioner and his automobile, knocking his body under the rear of his own vehicle;
“V. That prior and subsequent to said impact, your petitioner’s automobile had its headlights brightly burning, and likewise the rear light was extra large in size and brightly burning;
* * * * * *
“XI. That said collision and the damage resulting therefrom were caused solely and entirely by the negligence of the defendant in the respects set forth as follows:
“That at the time of the accident there was no traffic proceeding in a southerly direction thereby giving said defendant more than half the highway to pass petitioner’s stalled car; that defendant was guilty of the grossest negligence which was-the proximate cause of the accident; that defendant’s negligence consisted of:
“(1) Operating an automobile imprudently on the highway without proper lookout ;
“(2) Traveling in excess of the speed limit immediately prior to the impact with petitioner’s car;
“(3) Failure to drive in the proper lane of traffic in order to pass petitioner’s stalled semi-truck;
“(4) Failure to observe the degree, duty, and care of an overtaking vehicle;
“(5) Failure to avoid the accident.
“That said defendant was driving carelessly and heedlessly "in disregard of the rights and safety of others and without due caution and circumspection and in a manner so as to endanger, and be likely to endanger persons and property; driving a motor vehicle under his control without keeping a proper lookout. Defendant failed to bring his vehicle to a stop to avoid hitting the car of your petitioner, although the latter was stopped in plain view and all lights, including the extra large tail-light, were brightly burning; failing to observe the vehicle of your petitioner, or if he did observe, failing to do anything to avoid the accident. All the above acts of negligence being contrary to the Laws of the State of Louisiana and the dictates of common sense.”
Counsel- for defendant maintains that “upon reading the articles of plaintiff’s petition it is readily seen that it sets up a state of facts which affirmatively shows that plaintiff was negligent in not taking the necessary precautions to warn motorists that his semi-truck was stalled on the traveled portion of the Highway in defiance of laws of State of Louisiana as provided for *644 by LSA-R.S. 32:241 as follows: “ ‘B. The provisions of this rule shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.’ ”
Counsel for defendant further maintains “that plaintiff was also guilty of negligence by his own allegations when he states that he was operating a semi-truck upon the Highways and fails to allege that he placed out flares when his truck became disabled as is provided for by LSA-R.S. 32:441, which reads as follows:
“ ‘441. Flares or reflectors, motor busses, etc. to be equipped with; use at night prescribed
“ ‘Motor busses and cars for hire having a capacity of over seven passengers, cars or trucks used as wreckers or for towing purposes, motor trucks and combinations thereof, operating on the highways between one half houf- after sunset and one half hour ’before sunrise shall at all times be equipped with at least three portable flares, reflectors, or other similar devices, which may be plainly visible for a distance of five hundred feet. The operator of such a vehicle shall immediately upon bringing his vehicle to a stop upon or immediately adjacent to the travelled portion of the highway, at any time during this period place one such warning device at the side of his vehicle just inside the black line marking the center of paved highways and near the center of dirt or gravelled highways, and place one such device approximately one hundred feet to the front and another one hundred feet to the rear of his vehicle, and shall maintain these devices in this position during the time the vehicle remains parked. Motor vehicles transporting explosives and inflammables shall be required to use tow flares, reflectors, or similar warning devices, to be placed as described heretofore, to the front and rear, ■ but none adjacent to such vehicles.’ ”
In the final analysis defendant endeavors to resist a trial of the case on the merits by maintaining “the law is well settled that where plaintiff alleges facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by exceptions of no cause or right of action.”
It is to be conceded that there are cases where exceptions of no cause of action founded upon the contributory negligence of the plaintiff will be sustained. Louisiana Power & Light Co. v. Saia, La.App., 173 So. 537 and Arbo v. Schulze, La.App., 173 So. 560. However, in order for the exception to be well founded, it must appear that the facts alleged in the petition are such as to conclusively establish that the plaintiff’s fault is the proximate cause o.f the accident.
The allegations of the petition now under analysis do not fall within that category. Assuming arguendo, a view most favorable to the defendant, that the allegaT tions of plaintiff’s petition do indicate negligence on his part, it does not follow that his recovery in this case would, of necessity, be precluded for that reason. It may develop during the course of the trial that both litigants were guilty of negligence, but that the defendant possessed the last clear chance to avoid the accident. In any event, plaintiff was not required to negate his own contributory negligence by alleging in his petition the reason why he failed to warn motorists that his vehicle was stalled on the^traveled portion of the highway. A fortiori, the query relative to the liability for the accident can only be logically answered after the case has been tried upon its merits.
In the case of Burmaster v. Texas Pacific-Missouri Pacific, T. R. R. Co., La.App., 174 So. 135, 139, we had occasion to review the prior jurisprudence respecting the maintenance of an exception of no -cause of action in a suit for personal injuries, where the exception was leveled at allegations manifesting contributory negligence on the part of the plaintiff. In concluding that the plea was untenable we observed: “The Supreme Court, in the Gibbs Case (Gibbs v. Illinois Central R. Co. 169 La. 450, 125 So. 445), has laid down a broad rule with respect to the sufficiency of *645 petitions in damage suits where allegations are made which inferentially disclose contributory negligence on the part of the plaintiff. We understand that doctrine to mean that an exception of no cause of action can never be meritoriously pleaded to a petition sounding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, unless its charges are such as to exclude every other reasonable hypothesis other than that the sole and proximate cause of the accident was due to the contributing fault of the plaintiff.”
In Home Services v. Marvin, La.App., 37 So.2d 413, 415, we said: “If we were to accept the reasoning of defendant’s counsel with respect to ‘technicalities’ and apply it with all of its implications to this case we would, in effect, be recognizing the validity of the sophistry that prevailed during the regime of ‘technicalities’ in Louisiana, usually referred to as the Augustan age when, in the heyday of that era, pleadings were deemed to be an end in themselves rather than merely a means to an end. Apparently, a dilemma which systemized legal philosophy must face and solve is a combination of a due regard for the claims of justice and equity with a procedural system rigid enough to be workable. When we favor one system of thought as diametrically opposed to the .other, it is usually with the result that, one of two things happens, either all system is abandoned, or the system becomes such a labyrinth of technicalities that the reasoning of the courts is influenced almost entirely by the desire to apply and adhere to its procedural rules and, in the final analysis, only incidentally by the merits of the cases per se.”
Counsel for both litigants have failed to discuss, either in oral argument or in brief, the exception of vagueness which was maintained by the trial judge and we are of the opinion that after the trial judge maintained this exception the plaintiff should have been permitted to amend.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that this cause be remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings according to law and consistent with the views herein expressed. Defendant to pay the costs of this appeal; all other costs to await the final determination of the case.
Reversed and remanded.