GLADNEY, Judge.
This action was brought to enjoin the Police Jury, Registrar of Voters, District Attorney and Sheriff in and for Caddo Parish, from enforcing Parish Ordinance No. 754, passed by the Police Jury to make effective prohibition in that portion of Ward 4 outside of the City of Shreveport as a result of a local option election held therein on August 5, 1952. Plaintiffs allege there was not substantial compliance with certain statutory requirements for holding the election, and further that Ordinance No. 754 and the state local option statute, LSA-R.S. 26:581-595, should be held unconstitutional.
Plaintiffs are qualified electors of that portion of Ward 4, exclusive of the City of Shreveport, and at the time this suit was initiated were therein engaged in the retail business of selling beverages of alcoholic content. One of the plaintiffs, Milton C. Crawford, is the owner of a $1,000 World War II bonus bond issued pursuant to Article 18, Section 10, of the Louisiana Constitution, Acts 1948, No. 530, page 1476.
Reference to the record discloses no substantial dispute as to the material facts involved. Plaintiffs have made sufficient proof of such allegations of the petition as were not admitted by respondents.
On November 6, 1951, the Registrar of Voters of Caddo Parish certified that certain local option petitions which had been circulated in Ward 4 outside of Shreveport contained the requisite number of qualified electors, and a local option election was called by the Police Jury for August 5, 1952. This election was carried by the proponents of prohibition on all three issues balloted upon.
The litigants herein were before this court on a former occasion at which time we held the court a quo erred in sustaining an exception of no cause or right of action. McGee v. Police Jury of Caddo Parish, La. App., 63 So.2d 153. After the remand, defendants filed a supplemental and amended answer and in due course the cause was tried on its merits. Judgment was rendered rejecting the demands of plaintiffs in toto, written reasons being assigned therefor. From the adverse ruling plaintiffs have appealed.
Several errors have been assigned to the judgment of the court a quo, which require our consideration.
First, appellants complain of a ruling permitting the filing of a supplemental answer by the defendants for the purpose of showing “simultaneous” local option proceedings in the City of Shreveport while the preliminaries to the local option election were going forward in that portion of Ward 4 outside of the City of Shreveport. Objection was made that the amended answer came too late after an exception of no cause of action had been considered by the trial and appellate courts, and further, that its contents were assertedly irrelevant as relating only to other elections beyond the consideration of this case.
We do not find plaintiffs have been prejudiced by the ruling, and apparently counsel concede this much for it is asserted in their brief:
“The fact of ‘simultaneous’ local option proceedings in Shreveport is, at best, no more than illustrative and confirmatory of the alleged and heretofore argued ‘undesirable consequences’ of a decision in favor of plaintiffs.”
The tendency of modern practice is to yield as little as possible to technicalities, and to permit as far as practicable amendments to pleadings which work no injury and prevent useless delay and costs. See: Davis v. Arkansas Southern R. Co., 1906, 117 La. 320, 41 So. 587; Delaney v. Little, 1926, 3 La.App. 349; Meridian Lumber Company v. Holt, 1929, 9 La.App. 723, 120 So. 233; Pool v. Pool, La.App., 1944, 16 So.2d 132; Lemoine v. Lacour, 1948, 213 La. 109, 34 So.2d 392; Pancoast v. Cooperative Cab Company, La.App., 1948, 37 So.2d 452; Douglas v. Haro, 1949, 214 La. 1099, 39 So. *411 2d 744; Bourg v. J. Ray McDermott & Company, La.App., 1951, 52 So.2d 717; Randazzo v. Falgout, La.App., 1951, 54 So.2d 642; Gomez v. Pope Park, Inc., La.App., 1952, 56 So.2d 229.
As we see the amended answer, it does not present more than a foundation for arguing the elections held in Shreveport and outside of it in Ward 4 permitted all the electors in Ward 4 to ballot on the issues. Such a restricted ward election irrespective of an almost simultaneous city vote deprives the electors residing in the city from voting in the ward election, and consistent with our interpretation of the statute, the election for the portion of the ward outside of the city does not substantially comply with statutory requirements imposed by the local option statute, LSA-R.S. 26:581-595.
Second. The next assignment of error asserts some petitions were irregular as they contained signatures improperly dated or not dated when signed, and, therefore, it cannot be said that such undated signatures were inscribed within sixty days of the date of 'filing the petition with the Registrar of Voters as contemplated by LSA-R. S, 26:584.
The local option statute, LSA-R.S. 26:583, provides that each petitioner shall sign his name in his own handwriting and shall write his address and the date on which he signed, otherwise his signature shall be null and void. The Registrar of Voters, therefore, correctly ruled the undated signatures null and void. They were without legal efficacy and with no more effect than if not inscribed. All properly dated signatures appeared to have been signed within sixty days from the filing of the petition.
Third. It is alleged that proposition one as presented in the petitions was phrased in language different from the form prescribed in LSA-R.S. 26:583 and 587 for the petition and ballot respectively and, therefore, there was not a substantial compliance with the statute.
In the petitions circulated, proposition one was written:
“(1) Shall the sale of beer, porter, ale, fruit juices and wine containing more than three and two-tenths per centum (3.2%) alcohol by weight and not more than six per centum (6%) alcohol by volume be permitted?”
Whereas, in the above referred to provisions of the LSA-Revised Statutes the form for proposition one reads:
“(1) Shall the sale of beverages of low alcoholic content containing more than three and two-tenths per cent alcohol by weight and not more than six per cent alcohol by volume be permitted? * * *”
Had the variance from the statute involved the ballot used in the election, possibly it would be fatal as Section 587 expressly says: “When such an election has been ordered the following propositions, and no others shall be plainly printed upon a special ballot to be used for the election, otherwise the election shall be null and void * * However, Section 583 contains only the following direction: “Any qualified elector desiring a referendum election, shall sign a petition addressed to the governing authority of the subdivision in which he resides, and in substantially the following form * * * ”. (Emphasis supplied.) Upon reference to Acts of 1948, No. 372, Section 6, we observe that proposition one as written in the petition, corresponds exactly- with the requirements of that statute. The revision of language occurred when the 1948 act was incorporated into the Revised Statutes. A reporter’s note appearing under LSA-R.S. 26:581 explains:
“This section was substituted for section 2 of Act No. 372 of 1948. The 1948 section defined ‘beer’ as those beverages with an alcoholic content of not less than % of 1% arid not more than 6% and ‘alcoholic beverages,’ as those with an alcoholic content of more than 6%. Using the terms decided on by the Council, the Reporter has merely made reference here to the' definitions contained in Chapter 2 of this Title and has made the proper substitutions throughout this Chapter.”
We accordingly are ,of the opinion that the form of the petitions as used in the election was in substantial compliance with the requirements of LSA-R.S. 26:583.
*412 Fourth. One of appellants, Milton C. Crawford, is the owner of a $1,000 World War II bonus bond issued under Article XVIII, section 10, of the Louisiana Constitution, which, inter alia, provides that for the payment of such bonds:
“ * * * the Board of Liquidation * * * is authorized to pledge and dedicate the avails and proceeds of said tax * * * until * * * all * * * bonds * * * have fully been paid * * *. -The surplus * * in each year * * * after paying the ■bonuses * * * shall be passed to the general fund by the general treasurer * * *. Until all such valid claims for bonuses and all such notes, bonds, certificates of indebtedness, or other evidences of debt, and all interest thereon, shall have been paid in full, the said tax shall not be abolished or reduced and no laws shall be adopted by the Legislature of Louisiana affecting adversely the collection thereof.”
The provisions clearly dedicate only the avails and proceeds from the tax, which was levied and fixed at $10 per barrel in Acts 1948, No. 8, LSA-R.S. 26:342, and authorize the surplus, after the requirements of the bonds have been met, to be paid into the general fund. See State ex rel. Kemp, Attorney General v. Board of Liquidation of State Debt, 1949, 214 La. 890, 39 So.2d 333.
Crawford contends Police Jury Ordinance No. 754 and the local option law, LSA-R.S. 26 :S81—595, violate his contractual rights with the state, granted by Article XVIII, Section 10, of the Louisiana Constitution and are repugnant to Article IV, Section 15 of the Louisiana Constitution, and Article I, Section 10, of the Constitution of the United States of America. These constitutional provisions relate to the protection of a citizen from being divested of his vested rights and from impairment of the obligations of contracts.
We do not find the argument meritorious. Neither the ordinance nor the local option statute reduced or abolished the beer tax. The legislature at its regular session in 1948 passed Acts Nos. 8, 372 and 530. We have already mentioned herein the first two named. Act No. 530 was a concurrent resolution proposing the constitutional amendment which was adopted to become Section 10 of Article XVIII. At the time these acts were adopted there was firmly embedded in our state constitution, Article XIX, Section 18, which declares the exercise of police power of the state shall never be abridged.
These laws are pari materia. Uniformly, our courts, both federal and state, have announced the principle neither the legislature nor the people themselves' can bargain away the power to regulate the public health and morals or legislative discretion concerning such regulation, and the power is inalienable by express grant. The state’s police power cannot be bartered away by contract and the clauses of the constitution guaranteeing due process of law.and vested on contract rights against impairment, have always yielded to its proper exercise. See: Osborn v. Nicholson, 13 Wall. 654, 660, 20 L.Ed. 689; Boston Beer Company v. Com. of Massachusetts, 97 U.S. 25, 24 L.Ed. 989; Stone v. State of Mississippi, 101 U.S. 814, 819, 25 L.Ed. 1079; Boyd v. State of Alabama, 94 U.S. 645, 650, 24 L.Ed. 302; New Orleans v. New Orleans Water-Works Company, 142 U.S. 79, 12 S.Ct. 142, 35 L.Ed. 943; Atlantic Coast Line R. Co. v. City of Goldsboro, 232 U.S. 548, 34 S.Ct. 364, 58 L.Ed. 721; Manigault v. Springs, 199 U.S. 473, 26 S.Ct. 127, 50 L.Ed. 274; Louisville & Nashville R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297; Hudson County Water Company v. McCarter, 209 U.S. 349, 28 S.Ct. 529, 52 L.Ed. 828, 14 Ann.Cas. 560; Rail & River Coal Company v. Yaple, 236 U.S. 338, 35 S.Ct. 359, 59 L.Ed. 607; Noble State Bank v. Haskell, 219 U.S. 104, 31 S. Ct. 186, 55 L.Ed. 112, 32 L.R.A.,N.S., 1062, Ann.Cas. 1912A, 487; Perry v. United States, 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335; Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Nortz v. United States, 294 U.S. 317, 55 S.Ct. 428, 79 L.Ed. 907, 95 A.L.R. 1346; Treigle v. Acme Homestead Association, 181 La. 941, 160 So. 637, 98 A.L.R. 69; Harris v. Monroe Building & Loan Association, La.App., 154 *413 So. 503; State ex rel. Porterie, Atty. General v. Walmsley, Mayor, 1935, 183 La. 139, 162 So. 826, 827.
In State v. Gardner, 1941, 198 La. 861, 5 So.2d 132, at page 133, the court declared:
“While the right to regulate the traffic of liquor in an inherent police power of the state which, under the express provisions of Section 18 of Article XIX of the Constitution of 1921 can never be surrendered, it is within the province of the legislature to delegate these powers to the various political subdivisions of the state and, in so doing, the legislature does not thereby surrender its power in this respect, for it is elementary that the legislature can thereafter, at any time, either change, alter, or recall the power so delegated. See State v. City of New Orleans, 151 La. 24, 91 So. 533.”
In support of the contention the following authorities are cited in appellants’ brief: City of New Orleans v. Houston, 1886, 119 U.S. 265, 7 S.Ct. 198, 30 L.Ed. 411, 414; State ex rel. Munsch v. Board of Com’rs of Port of New Orleans, 1941, 198 La. 283, 3 So.2d 622, 624; State ex rel. Woman’s Ben. Ass’n v. Port of Palm Beach, 1935, 121 Fla. 746, 164 So. 851, 856; Gruen v. State Tax Commission, 1949, 35 Wash.2d. 1, 211 P.2d 651; Johnson v. McDonald, 1935, 97 Colo. 324, 49 P.2d 1017, 1026.
The factual situations of-the cited cases are easily distinguished from the instant case .and we find a review of these decisions will be neither helpful nor necessary as it is manifest the laws under attack do not reduce or abolish the beer tax, hence there is no impairment of the obligations of contract created through the issuance of Crawford’s bond.
Fifth. The final point and issue most strongly urged by appellants was decided by us when this case was first appealed to this court from a judgment sustaining an exception of no cause or right of action. In a decree of reversal rendered on January 17, 1953, we held that in seeking to enjoin enforcement of the results of a local option election held'in the unincorporated portion of a ward, a cause of action was stated by alleging the petitions for such election had been circulated only in a restricted portion of the ward, that the Registrar of Voters certified the petitions for election in a portion of a ward only, that the Police Jury called the election for only a portion of a ward, and that the election was held for only a portion of the ward. See McGee v. Police Jury of Caddo Parish, Louisiana, La.App., 1953, 63 So.2d 153. Since the rendition of that opinion its validity has been more or less exhaustively considered in argument and brief on application for rehearing in the trial court, and when heard again by this court.
In construing the local option statute, LSA-R.S. 26:581-595, we sought to find legislative intent and to give to the entire context a reasonable meaning. After most careful reconsideration we firmly adhere to the views of this court as expressed in our decree of January 17, 1953, cited supra. The written opinions of the judge a quo, the thorough arguments of counsel, orally and in brief, in this and in two companion cases have not changed our views. With this thought in mind we have concluded further discussion of the meaning of the statute would add but little, if anything, to what we have already said. ’ Whatever final decision shall be reached will turn upon the meaning given significant words in the statute, which reminds its of the following quotation from “Through the Looking Glass”, Chapter VI, by Lewis Carroll:
“ ‘When I use a word’, Humpty Dumpty said, in a rather scornful tone,
‘it means just what I choose it to mean —neither more nor less.’
“ ‘The question is,’ said Alice, ‘whether you can make words mean so many different things.’
“ ‘The question is’, said Humpty Dumpty, ‘which is to be master — that’s all.’ ”[1]
In conformity with the views herein expressed it follows the judgment from which appealed must be reversed and the injunc-tive relief sought should be granted.
*414 It is, therefore, ordered that the judgment from which appealed be, and the same is hereby reversed, annulled and set aside, and it is further ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Eugene F. McGee, Edward P. McGee, Mrs. Mary M. McGee, widow, mother of Eugene F. McGee and Edward P. McGee, Earl C. Lemoine, Mrs. Ruth Allen 'Lemoine, wife of Earl C. Le-moine, and Milton C. Crawford, and against the defendant, Police Jury of Caddo Parish, Louisiana, declaring- the resolution of the said Police Jury adopted on June 11, 19S2, calling, ordering and fixing an election for Ward 4, outside the City of Shreveport, to vote on whether or not alcoholic beverages can be sold therein, and any and all other resolutions pertaining to the said election and Caddo Parish Ordinance No. 754, adopted September 10, 1952, to be illegal, null and void. It is considered unnecessary, however, in the rendition of the judgment herein to act upon that portion of plaintiffs’ prayer, seeking injunctive relief. In declaring the election invalid, the resolutions of the Police Jury based thereon are without legal efficacy.
As provided for in LSA-R.S. 13:-4521, the political subdivisions named defendants in this suit are not required to pay court costs in a judicial proceeding with the exception of stenographer’s costs for taking the testimony. It follows, therefore, that the Police Jury of Caddo Parish should pay only the stenographer’s costs incurred herein.

. Used in illustration by Professor Henry G. McMahon, The Case Against Pact Pleading, Louisiana Law Review, Yol. XIII, page 369'.