GLADNEY, Judge.
The facts of this case present the same issues.as those in McGee v. Police Jury of Caddo Parish, La.App., 66 So.2d 408, and other issues not raised in that case.
The object of appellants’ suit is to secure a judicial pronouncement that the local option election held in thé unincorporated portion of Ward 2, Caddo Parish, on August 5, 1952, was invalid, and to enjoin the proper parish officials from enforcing Ordinance No. 753 of the Police Jury of Cad-do Parish prohibiting therein the sale and possession of alcoholic beverages. In the election all three propositions enumerated in LSA-R.S. 26:587 were decided in favor of the proponents of prohibition and Ordinance No. 753 was adopted on September 10, 1952, to carry into effect the will of the voters.
Though the views expressed in McGee v. Police Jury of Caddo Parish, supra, control our judgment on several issues presented in this case, we deem it proper to discuss the other issues herein raised.
When this action first came up for hearing in the trial court an exception of no cause or right of action was sustained and plaintiffs’ suit was dismissed. Upon appeal to this court that judgment was reversed and the cause remanded for further proceedings. See McCrary v. Police Jury of Caddo Parish, Louisiana, La.App., 1953, 63 So.2d 161. After the record was returned to the district court defendants filed a supplemental and amended 'answer in which they averred that during the period of September 9, 1951 to November 6, 1951, petitions for local option elections were circulated by and among voters in all of the areas in Caddo Parish, Louisiana, where the sale of alcoholic beverages was not then prohibited, said areas described therein including, inter alia, the Town of Vivian, the Town of Oil City, and Ward 2 of Caddo Parish, but not the incorporated municipalities within said ward. From briefs and arguments we infer the purpose of the amended answer was to lend sub-stance to an argument advanced by defense counsel that by reason of “simultaneous” elections all of the voters in Ward 2 were given an opportunity to participate in a. local option referendum, and, therefore, if the local option statute does not countenance an election for the unincorporated portion of the ward, there was nonetheless a ward-wide election. The argument is without merit in our opinion as the election for the unincorporated portion of Ward 2 was not called, and held in an election subdivision recognized in LSA-R.S. 26:582.
Prior to our decree reversing the judgment sustaining an exception of no cause or right of action, the principal issue urged in this case by counsel for both sides was whether the election was valid when called and held only for the unincorporated portion of 'the ward. When the cause was tried on the merits'and on this appeal, it was urged this issue was not raised by plaintiffs’ petition. Upon this point we entertained some doubt when we passed upon the exception. Such doubt as we may have had has been entirely removed by the amended.answer which,- in our opinion, has. broadened the pleadings to include the disputed omission.
Appellants next contend that the certificates, of the Registrar, of Voters as required by LSA-R.S. 26:585 do' not show that the precincts referred to equal the total unincorporated area of Ward 2, and nowhere has the Registrar of Voters certified to the total number of qualified electors residing in the unincorporated portion of Ward 2. The Registrar of Voters executed four separate sworn certificates to meet statutory requirements as to Precinct 1, Precincts 2 and 3 .(outside of the incorporated municipality of Vivian), Precinct 4 and Precinct 5 of Ward 2, Caddo Parish, Louisiana. LSA-R.S. 26:585 directs the Registrar of Voters to check the petitions and attach sworn verifications showing:
“The number of qualified electors of the ward or of the municipality, as the case may be, on the registration rolls as of the date of the filing of the petition, which date shall be used by him in ascertaining if the petition con *418 tains the required number of signatures ;
* * * * * *
“(6) The total number of genuine signatures of qualified electors on the petition; and
“(7) the number of signatures not genuine, or not signed and written in the manner required in R.S. 26:583.”
It is conceded the Registrar of Voters did not certify that the above named precincts constitute the entire portion of Ward 2, Caddo Parish, outside of the Towns of Vivian and Oil City, Louisiana, but we find the proces verbal of the Police Jury pertaining to the examinations of the ballots and examination and canvass of the returns of the local option election held in that portion of Ward 2, in Caddo Parish, outside of the Towns of Vivian and Oil City, on August 5, 1952, show those precincts do constitute that portion of Ward 2 outside of the Towns of Vivian and Oil City. The irregularity complained of is one that can only be corrected by action taken prior to the election as no prejudice or injury has been shown by appellants. We are, therefore, of the opinion that this contention of appellants does not establish substantially non-compliance with the local option statute.
Another irregularity charged is there was not a substantial compliance with LSA-R. S. 26:583, 584, in that the names, addresses, and the date of signing the petition for the unincorporated portion of Ward 4, the unincorporated portion of Ward 2, the Town of Vivian, and the Town of Oil City were all grouped together under the formal portion of the petition of Ward 4.
Next it is asserted the publication did not contain the formal portion of the petition required for the calling for an election in Ward 2 and it failed to include all the names, addresses and dates of signing of the signatures contained in the petition by publishing only those purporting to be genuine, it being appellants’ contention that the statute requires all the names appearing on the petition to be published whether genuine or not.
For the purpose of discussion, these several objections are considered together. LSA-R.S. 26:584 states the Registrar of Voters shall have the petition including the names and addresses of the petitioners and the date of signing published at the earliest possible time in the official journal, and at the expense of the governing authority calling the election. The statute specifically says: “The formal portion of the petition need be reproduced only once in the publication.” A photostatic copy of the published matter in the record confirms the alleged facts. We observe that at the top of one of the pages of the Shreveport Times bearing the date of Friday, February 15, 1952, there appears the heading: “To the Honorable Police Jury of Caddo Parish, State of Louisiana”, and thereunder appears the formal portion of the petition reciting in part: “The undersigned qualified electors respectfully request that you call an election to submit, in the manner provided by law, to the qualified electors of Ward 4 of Caddo Parish, but not of the incorporated municipalities within the said ward, the following three propositions: * * * Then appears a column-wide heading: “Ward No. Four (outside of city)” and follows the names, addresses, dates and signatures of petitioners. After the last of the petitioners named under said heading, there appears the following heading: “Ward No. Two, Oil City, Louisiana.” Then follows a list of petitioners who appear to reside in Oil City, Louisiana. Following what appears to be the last of petitioners listed as residing in Oil City there appears a column reading: Ward No. Two, Vivian, Louisiana”, and in this grouping there appears to be names of petitioners who reside in Vivian, Louisiana. Following this grouping of petitioners there appears another heading: “Ward Two, Pre. Oil City, Vivian, Louisiana”, and a list of petitioners who apparently reside therein.
It will be observed from the above referred to publication the formal part of the petition addressed to the Police Jury requested that body to call an election to submit to the qualified electors of Ward 4 of Caddo Parish, but not of the incorporated *419 municipalities within said ward, the three propositions to he voted on. However, there is no doubt that the Police Jury could readily see by the publication that the voters of the several precincts in Ward 2 were petitioning the governing authority for a referendum election.
Appellants argue the manner of publication, and especially the failure to publish the formal portion of the petition for an election to be held in the unincorporated portion of Ward 2 violated a mandatory duty imposed by LSA-R.S. 26:584. It is contended the requirement referred to is one of the most important and sacramental steps that must be taken as a condition precedent to the holding of a valid local option election. We are not sure why the list of petitioners is required to be published. Certainly such published notice is neither necessary to inform the Police Jury of the request to call the election, nor essential as a notice to the electorate of intention to call the election as separate notice and publication thereof is more specifically given to the electorate by other means. Counsel say that the purpose of the publication is to inform those who are engaged in the liquor business so they may take appropriate steps to protect their property rights, and that it is for the purpose of enabling those interested in the outcome of a referendum election to see that at least twenty-five per cent (25%) of the qualified voters have been obtained for the purpose of initiating such an election. None of these reasons, in our opinion, suffices to strike down an election which has been held without protest of such irregularity, prior to the election. The certificates of the Registrar of Voters and the proces verbal of the Police Jury containing the results of the election clearly indicate a large percentage of the total electorate cast their ballots in the election, and we believe no serious complaint can be made by either side that any of the electorate were deprived of an opportunity to vote. It is, therefore, our opinion that plaintiffs have not been injured and that the . publication, though somewhat irregular, constituted a substantial compliance with the local option statute.
In addition to the issues we have adjudicated above, plaintiffs present for our consideration: (1) whether the lower court erred in its ruling permitting over counsel’s objection, the filing of a supplemental answer for the purpose of showing “simultaneous” local option proceedings in the incorporated municipalities of Ward 2 while the preliminaries to the local option eleétion were going forward in the unincorporated portion of the ward; (2) whether there was a failure to substantially comply with the statutory provisions of LSA-R.S. 26:581-595 in that there is no proof the undated signatures were inscribed within sixty days of the date of filing the petition with the Registrar of Voters; (3) whether there was such a variance in the form of the petitions circulated and the form specified in LSA-R.S. 26:583 and 587 that there was not a substantial compliance with the law; (4) that one of plaintiffs, H. A. Killian, being a holder of a bonus bond issued in accordance with Section 10 of Article XVIII of the Louisiana Constitution of 1921, whether or not the local option statute, LSA-R.S. 26:581-595 and Ordinance No. 753 of the Police Jury of Caddo Parish are repugnant to and contravene Section 10 of Article XVIII and Section 15 of Article IV of the Louisiana Constitution of 1921, and Section 10 of Article I of the 'Constitution of the United States of America; and (5) whether a local option can be validly called for only the unincorporated portion of a ward.
 We are of the opinion satisfactory proof has been established to properly place the above issues before us and that the same are controlled by our rulings in the case of McGee v. Police Jury of Caddo Parish, supra. Therefore, the judgment from which appealed should be reversed and a decree rendered granting to plaintiffs the relief prayed for. It is considered unnecessary, however, in the rendition of the judgment herein to act upon that portion of plaintiffs’ prayer seeking injunctive relief. In declaring the election invalid, the resolutions of the Police Jury based thereon are without legal efficacy.
It is therefore ordered that the judgment from which appealed be, and the same is, *420 hereby reversed, annulled and set aside and it is further ordered, adjudged and decreed that there be judgment in favor of the •plaintiffs, Travis McCrary and H. A. Kil-lian, and against defendants, Police Jury of Caddo Parish, Louisiana, declaring the resolutions of the said Police Jury adopted on June 11, 1952, calling, ordering and fixing an election for the unincorporated portion of Ward 2, Caddo Parish, Louisiana, to vote on whether or not alcoholic beverages can be sold therein, and any and all other resolutions pertaining to the said election, and the Caddo Parish Ordinance No. 753, adopted on September 10, 1952, to be illegal, null and void.
As provided for in LSA-R.S. 13 4521, the political subdivisions named defendants in this suit are not required to pay court costs in a judicial proceeding, with the exception of stenographer’s cost for taking the testimony. It follows, therefore, that the Police Jury of Caddo Parish should pay only the stenographer’s cost incurred herein.