BOLIN, Judge.
Plaintiffs are liquor licensees seeking to nullify a local option election and to enjoin the local governing body from passing an ordinance prohibiting the sale of alcoholic beverages. From a judgment rejecting *1103 plaintiffs’ demands they appeal. We affirm.
The issue is whether a local option election is rendered invalid because the proposition as set forth in the ordinance calling the election varies substantially from the wording contained in both the electors’ petition seeking the election and the ballot submitted to the voters.
In the election petition signed by more than twenty-five percent of the voters of a ward in Bienville Parish, and on the subsequent printed ballot, Proposition One contained the following language:
Shall the sale of beverages of low alcohol content containing more than three and two-tenths percent alcohol by weight, and not more than six percent alcohol by volume, be permitted?
However, the corresponding proposition in the ordinance calling the election provided:
Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by volume be permitted?
The Louisiana local option statute provides that registered voters may sue to set aside an election if there has not been substantial compliance with statutory requirements in the petition, call, or conduct of the election. Louisiana Revised Statutes 26:590. Since the wording on the ballot submitted to the voters complied exactly with the requirements of La.R.S. 26:587 and reflected the wishes of those who sought the election, and since the voters were not misled by the intervening error in the ordinance calling the election, this error was harmless under the circumstances. There was substantial compliance with the standards of the local option statute. See McGee v. Police Jury of Caddo Parish, 66 So.2d 408 (La.App. 2d Cir., 1953), aff’d 225 La. 471, 73 So.2d 424 (1954).
The judgment is affirmed at appellants’ cost.