hDOWNING, J.,
dissents and assigns reasons.
In the matter before us, the majority appears to rule that the ticket surcharges approved by the Louisiana State University Board of Supervisors are fees, but not the type of fee addressed in La. Const, art. VII, § 2.1, which requires any new “fee” to be approved by a two-thirds vote of the legislature.
As the trial court concluded, the word, “fee,” is not ambiguous. The majority here just does not seem to believe the voters meant what they said, or said what they meant, when they adopted La. Const, art. VII, § 2.1. And perhaps they did not. I lack the prescience to know what the voters meant. But, as the majority states, where a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further | ^interpretation may be made in search of the intent of the legislature. Tarver v. E.I. Du Pont De *137 Nemours and Co., 93-1005, p. 3 (La.3/24/94), 634 So.2d 356, 358.
I agree with the trial court that no ambiguity exists in the meaning of the word “fee;” it is the charge paid for a service rendered by a governmental entity or for the use of a privilege under the control of a governmental entity. The application of this meaning does not lead to absurd consequences. This application will merely maintain the status quo. In contrast to that definition is the “price” paid for goods, such as books, food, housing, and the like; such tangible commodities are purchased for a “price” not a “fee.” Tuition is a fee that is paid for the educational services of the university.
To the extent that LSU football tickets have a face value of $36, representing the admission price to the stadium for viewing of a football game, the tickets are commodities purchased for price, not a “fee.” However, what is being purchased by the “donation,” required in addition to the face value of the $36 football admission ticket, is an intangible right to sit in a particular location within the stadium for the duration of the football season. In that sense, LSU controls who sits where within Tiger Stadium during football games. Such a payment is made for use of a privilege under control of LSU and is, therefore, a “fee” within the meaning of La. Const. Art. VII, § 2.1.
I am reminded of the following quotation from ‘Through the Looking Glass,’ Chapter VI, by Lewis Carroll:
“When I use a word”, Humpty Dumpty said, “it means just what I choose it to mean — neither more nor less.”
“The question is,” said Alice, “whether you can make words mean so many different things.”
“The question is,” said Humpty Dumpty, “which is to be master — that’s all.”
See M. Gardner, The Annotated Alice (New York: New American Library, ©1960), 269, cited in McGee v. Police Jury of Caddo Parish, 66 So.2d 408, 413 (La.App. 2 Cir.1953)
The plain language of La. Const, art. VII, § 2.1 may become a source of vexation for the various state boards, departments and agencies and to the legislature, but it is not ambiguous. Accordingly, the LSU Board of Supervisors cannot constitutionally impose this fee without a two-thirds vote of the legislature. Consequently, I would find that the trial court erred in failing to require LSU to meet the requirement of La. Const. Art. VII, § 2.1 with respect to the “donations” required to be paid under the LSU stadium general pricing policy for season tickets and would reverse that portion of the trial court judgment.
As appellant has not appealed the finding of validity as to the bond issuance, we are unable to review that ruling of the trial court, and the judgment as to the bond issuance has become final under La. R.S. 13:5129.