ELLIS, Judge.
On October 9, 1961, judgment was rendered in favor of plaintiff, Albert J. McDonald, in suit number 17, 233, Albert J. McDonald v. Robert W. O’Meara on the docket of the Seventeenth Judicial District Court in and for the Parish of Terrebonne, State of Louisiana. On October 10, 1961, notice of judgment was executed by a Deputy Clerk and on October 16, 1961, an instrument purporting to be a motion for new trial was filed of record in the same cause. The motion for new trial was based on newly discovered evidence and signed by Herbert W. Christenberry, Jr., Attorney for Defendant, Robert W. O’Meara. It was not then verified by the affidavit of defendant, Robert W. O’Meara, nor was it verified by an affidavit of his attorney. Further, there was no request that it be served on the plaintiff, or counsel for plaintiff, nor does it appear from the record that it was served on plaintiff, or counsel for plaintiff, at this time. On February 26, 1962, counsel for defendant filed what purported to be a verification to motion for new trial, wherein Herbert W. Christenberry, Jr., counsel for defendant, executed an affidavit verifying that he did prepare the motion for new trial and that the facts and reasons contained therein are true and correct to the best of his information, knowledge and belief. On March 13, 1962, counsel for plaintiff, Albert J. McDonald, filed a motion to strike alleging that the pleadings in the motion for new trial were insufficient and immaterial and without legal effect for the following reasons, to-wit:
(1) The motion, when filed, was not verified by the affidavit of the applicant in conformity with the requirements of Louisiana Code of Civil Procedure, Article 1975.
(2) The motion was not contradictory motion as required by Louisiana Code of Civil Procedure, Article 1971, since the same was not served upon plaintiff, Albert J. McDonald, nor was service prayed for.
(3) No notice for motion for new trial and of the time and place for hearing thereon was served upon plaintiff as *613 required by Louisiana Code of Civil Procedure Article 1976.
(4) The motion did not state what facts the defendant sought to prove by the introduction of new evidence.
(5) The motion failed to state that the defendant used due diligence to produce such evidence upon the trial thereof.
On April 13, 1962, hearing was had upon the motion to strike, and the trial judge held that the motion for new trial was null and void and of no effect. From this ruling counsel for defendant, Robert W. O’Meara, has applied for Writs of Cer-tiorari, Prohibition, Review and Mandamus alleging that there was improper noticing of the judgment by the Deputy Clerk of Court and that this had the effect of depriving applicant of his right to a three day period to prepare his motion for a new trial, and thus, depriving applicant of his property rights and legal rights without due process of law. Secondly, that the lower court was in error in holding that the failure to verify and notice of motion for new trial at the original time of filing caused said motion to be null and void, particularly since verification and notice was provided prior to the hearing. It should also be noted that at the time of the disposition of the motion to strike counsel for defendant attempted to perfect an appeal on the merits of the matter, and the lower court ruled that the time for appeal had elapsed. In support of his contention that there was improper action on the part of the Deputy Clerk of Court, counsel for applicant, Robert W. O’Meara, contends that although the certificate by the Deputy Clerk of Court stated that notice of judgment had been mailed on October 10, 1961, that, in fact, the notice was not mailed until October 13, 1961, and received by counsel for applicant on October 16, 1961. However, counsel was unable to produce any evidence that the notice and judgment had not been mailed on October 10, 1961, as certified to by the Deputy Clerk of Court. Therefore, it appears that this contention is without merit. The second contention of counsel for applicant that the subsequent execution and filing of a verification to the motion for a new trial and notice thereof upon opposing counsel cured any defect which may have existed prior to such action being taken cannot stand in the face of the clear provisions of Louisiana Code of Civil Procedure.
Article 1975 of Louisiana Code of Civil Procedure provides:
“A motion for a new trial shall set forth the grounds upon which it is based. When the motion is based on Article 1972(2) and (3), the allegations of fact therein shall be verified by the affidavit of the applicant.”
Article 1972 provides:
“A new trial shall be granted, upon contradictory motion of any party, in the following cases:
* * ‡ Hs ‡
“(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; * * *
Article 1976 provides:
“Notice of the motion for new trial and of the time and place assigned for hearing thereon must be served upon the opposing party as provided by Article 1314.”
Article 1314 provides:
“A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.”
An examination of the motion filed by the applicant reveals that it was original *614 ly defective in the following particulars, to-wit :
(1) There was no notice of the motion for new trial served upon the opposing party as provided by Article 1314 and required by Article 1976 of Louisiana Code of Civil Procedure.
(2) The allegations of fact contained in the motion were not verified by the affidavit of the applicant as required by Article 1975 and Article 1972(2) Louisiana Code of Civil Procedure.
(3) The motion does not contain the allegation that the newly discovered evidence could not with due diligence have been obtained before the trial or during the trial.
(4) The motion is exparte and not contradictory as required by Louisiana Code of Civil Procedure, Article 1971.
Although counsel for applicant subsequently executed the verification to- the motion for new trial some four months after the filing of his original motion and gave notice thereof to opposing counsel, the motion remained defective to the extent that the allegations of fact contained therein were not verified by the affidavit of the applicant. Under the circumstances, it is our opinion that the trial judge was correct in granting the motion to strike and decreeing the motion for new trial to be null and void and of no effect.
We have no quarrel with the cases cited by counsel for applicant to the effect that the tendency of modern practice is to yield as little as possible to technicalities, and to permit as far as practicable amendments to pleadings which work no injury and prevent useless delay and costs.[1]
The Articles of the Louisiana Code of Civil Procedure applying to motions for new trial are clear and free from ambiguity and patently were not followed in the instant case in the particulars heretofore set out. The case of Delaney v. Little, 3 La.App. 349, reli’ed upon by counsel for applicant, is not applicable to the present situation since in the Delaney case the applicant actually took the stand to make the affidavit to his motion for new trial in person. Further, subsequent to filing of the original motion, plaintiff had actually filed his verification as required by Article 561 of the Code of Practice, the law then in effect.
In conclusion we feel that a liberal construction of pleadings and amendments thereto should be allowed where no substantial injury results to the opposing party or no substantial right is being denied. However, to sustain, as proper, applicant’s motion for new trial, with its numerous defects, a number of which are still uncorrected, would deprive respondent, Albert J. McDonald, of his definitive judgment, cause undue delay and additional time and expense. As previously noted, the Articles of Louisiana Code of Civil Procedure pertaining to new trials are clear of ambiguity and the interpretation sought by counsel for applicant would serve to create additional procedural problems, as well as create confusion as to the time allowed for taking appeals, and the final disposition of cases.
For the above and foregoing reasons the judgment of the District Court was correct and the writ granted herein is hereby recalled and set aside and the judgment affirmed.
Writ recalled, judgment affirmed.

. See McGee et al. v. Police Jury of Caddo Parish et al., La.App., 66 So.2d 408, and numerous cases cited therein. See, also, Article 5051, LSA-Code of Civil Procedure which provides “The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” However, we are also cognizant of Article 5052 of the LSA-Code of Civil Procedure which provides “When the language of an article is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit.”