CULPEPPER, Judge.
This is a suit for damages arising out of an automobile collision. Plaintiff sues his own liability insurer, Hartford Accident & Indemnity Company, under an uninsured motorist clause. Also named as defendants are Mrs. Jewel D. McNeely, the uninsured driver of the other vehicle, and her husband, Mr. J. W. McNeely. The lower court awarded judgment against all defendants, in solido, for the sum of $5,000, this being the insurer’s limit of liability; and against Mr. and Mrs. McNeely for the additional sum of $2,500. Defendants appealed. Plaintiff answered the appeal, seeking an increase in the award.
There is little dispute that the accident was caused solely by the negligence of Mrs. McNeely. The facts are that as the two vehicles approached from opposite directions, on a highway in a rural area, Mrs. McNeely suddenly turned left into plaintiff’s lane of traffic, where the collision occurred.
It was also shown that Mrs. McNeely was on a community mission in the family automobile. Hence her husband is liable, as head of the community.
The issues seriously argued on appeal are (1) the quantum of damages and (2) whether the trial judge erred in refusing to grant a new trial.
Although, as will be seen hereinafter, we have decided a new trial must be granted, we will first discuss the extent and duration of plaintiff’s injuries, because this is vitally relevant to the application for a new trial. The record shows that as a result of the accident, which occurred on November 27, 1963, plaintiff, a 22 year old white male, suffered an injury to the lower part of his back. A few days later he tried to return to his work as a carpenter, but the pain was too severe. On December 8, 1963, he went to see Dr. William H. Broyles, a general practitioner in Leesville. Dr. Broyles found tenderness at L-4 and L-5, muscle spasm and limited motion of the back. He diagnosed muscle strain in the lumbar and sacroiliac areas, with a “possibility” of a herniated intervertebral disc. Plaintiff was hospitalized for 8 days, of which 5 days were spent in traction. Thereafter, Dr. Broyles continued to see Hyatt as treating physician in February and March of 1964. At the trial on March 20, 1964, which was only about 4 months after the accident, Dr. Broyles testified that plaintiff was still having muscle spasm, tenderness and limited motion. He expressed the opinion that if the injury was only a muscle strain, plaintiff should have recovered and that plaintiff “could have a disc”. It was Dr. Broyles’ opinion that Hyatt would be disabled from work for an indefinite period of time.
Dr. Ford J. McPherson, a specialist in orthopedic surgery, first examined plaintiff on January 2, 1964, at which time he found limitation of motion in the low back and tenderness to pressure. He diagnosed a moderately severe back sprain and recommended hospitalization for a week or ten days, which recommendation was not followed. However, when Dr. McPherson examined plaintiff again on March 12, 1964, he found there was no improvement and that atrophy of the muscles of the right leg had developed. He diagnosed a “possibility” of a herniated disc and recommended a myelogram, the result of which test would determine the advisability of surgery. Dr. McPherson was also of the opinion that plaintiff would be disabled from work for an indefinite time.
Dr. Charles V. Hatchette, also a specialist in orthopedics, examined plaintiff on March 6, 1964. He found tenderness at L-4, muscle spasm on both sides, restriction of movement and numbness to pinprick down the right leg. Dr. Hatchette expressed his opinion as follows:
“I thought Mr. Hyatt had a herniated disc at the L4 level in the right lumbar *566 spine. I felt this man was' in need of a myelogram examination ánd a possible laminectomy for removal of the herniated disc. I did not thiiik that he was able to continue his duties as a carpenter at the time of this examination. His disability, insofar as I could determine, was rather indefinite, depending upon his treatment.”
In a written opinion the trial judge found plaintiff had suffered a low back strain and a herniated intervertebral disc. He awarded plaintiff $7,500, but did not itemize the damages. However, the evidence shows that plaintiff suffered special damages of about $2,500, consisting of loss of wages to the date of trial, medical expenses, and payment of the deductible portion of the cost of repairs to his automobile, not covered by his collision insurance. Thus, the award for general damages was about $5,000.
Although the case was tried on March 20, 1964, it was not decided until September 7, 1965 and judgment was signed on September 10, 1965. On September 15, 1965, Hartford Accident & Indemnity Company filed an application for a new trial alleging that from July 20, 1964 until July 2, 1965, plaintiff worked as a carpenter for one Oran Brown of Hornbeck, Louisiana, earning $2.50 an hour and that Brown would so testify. The application alleges- that this evidence is important to the cause and was not discoverable by due diligence before the trial. To this application is attached an affidavit by Howard Byram, Jr., claims representative for Hartford Accident & Indemnity Company, verifying the allegations as to the newly discovered evidence.
Hartford also filed a timely supplemental application for new trial alleging '‘that on about June 10, 1965 plaintiff executed a release of liability in favor of the defendants, Mr. and Mrs. McNeely, and that such release also operates in favor of Hartford. The application also alleges that Hartford did not discover this new evidence until the date the application was filed, September 15, 1965, and that a copy of the, release is on file with the State of Louisiana, Department of Public Safety, Financial Responsibility Division in Baton Rouge, Louisiana. These allegations are verified by an affidavit of counsel for Hartford in these proceedings.
On the same date, September 15, 1965, the defendants, Mr. and Mrs. J. W. McNeely, also filed an application for a new trial in which they allege the said release of liability signed on June 10, 1964. The application, which was prepared by different counsel than that representing the McNeelys at the trial, also alleges that these defendants did not know until after the signing of the judgment that their release had not been asserted or made known to the court. This application is signed by the McNeelys’ new counsel, but it is not verified by any affidavit whatsoever.
The hearing on the applications for new trial was held on October 18, 1965. At the hearing, defendants placed Mr. J. W. McNeely on the witness stand and sought to prove the written release by his parole testimony.
Plaintiff objected on the grounds that the best evidence of any such release was the written instrument itself, which objection was sustained by the court. Defendants then sought to introduce into evidence a copy of a letter from plaintiff’s attorney regarding the alleged release. Plaintiff again objected on the grounds that this was not the best evidence of the release, which objection was also sustained. The court then denied the applications for new trial.
LSA-C.C.P. Article 1972 sets forth the peremptory grounds for a new trial-in pertinent part as follows:
“A new trial shall be granted, upon contradictory motion of any party, in the-following cases:
******
if(2) Where the party has discovered*. since the trial, evidence important to the- *567 cause, which he could not, with due diligence, have' obtained before or during the trial; * *
Our jurisprudence has interpreted LSA-C.C.P. Article 1972, Section (2), to mean that a new trial must be granted on the grounds of newly discovered evidence where •such evidence is not merely cumulative, would tend to change the result of the ■case, was discovered after the trial and could not with due diligence have been discovered before or during the trial. Stro-bel v. Schlegel, 145 So.2d 664 (4th Cir. 1962) and the cases cited therein.
We think the newly discovered evidence that within 4 months after the trial plaintiff returned to work as a carpenter and continued such work for about one year clearly meets all these requirements. It was not merely cumulative because there was no other evidence that plaintiff had worked as a carpenter after the accident. Such evidence would clearly tend to change the result of the case because the expert medical opinions were based partly on subjective symptoms and were somewhat conflicting and indefinite. Under the particular circumstances of this case, where .almost 18 months elapsed from the time of trial to the time the case was decided, the fact that plaintiff returned to work- soon after the trial would certainly tend to change the conclusion of the court as to the extent and duration of plaintiffs disability and any resulting loss of wages. Furthermore, there can hardly be any argument that this evidence was not discovered, and could not have been discovered, before or during the trial, because the evidence did not even exist until after the trial.
The next issue is whether there was sufficient proof of the existence of the newly discovered evidence to require the granting of a new trial. In 66 C.J.S. Verbo, New Trials, § 184, pp. 439-447, we find a discussion of the proof required to support an ■•application for new trial in various jurisdictions. As stated there, the general rule is that proof must be by affidavit. But, in some jurisdictions a new trial will not be granted on affidavits alone. For instance, some statutes require that the new evidence itself be presented at the hearing on the application.
In our own pertinent statutes, LSA-C.C. P. Art. 1975 reads as follows:
“Art. 1975. Application for new trial: verifying affidavit
“A motion for a new trial shall set forth the grounds upon which it is based. When the motion is based on Article 1972(2) and (3), the allegations of fact therein shall be verified by the affidavit of the applicant.”
Also applicable is LSA-C.C.P. Art. 963, which provides:
“Art. 963. Ex parte and contradictory motions; rule to show cause
“If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
"If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.”
 We think the effect of LSA-C.C.P. Art. 1975 is to require that the necessary allegations of fact as to newly discovered evidence be verified by the affidavit of the applicant. McDonald v. O’Meara, 149 So.2d 611 (La.App. 1st Cir. 196). But we also think that LSA-C.C.P. Art. 963 gives the trial judge the discretion to allow or require additional proof at the hearing, such as oral testimony, depositions or written instruments, where the alleged new evidence consists of a written instrument.
Generally, this is the same result reached under the Federal Rules of Civil Procedure. Fed.Rules 59 and 60(b) provide *568 for motions for new trials on the grounds of newly discovered evidence and require verifications by affidavits. But Fed.Rule 43(e), pertaining to motions generally, provides that the court may hear such motions on affidavits or can also require oral testimony or depositions.
With this understanding of the law, let us examine the record in the present case. As stated above, the defendant, Hartford Accident and Indemnity Company, filed a timely application for a new trial, verified by affidavit of its adjuster, and containing all of the essential allegations of fact to support a new trial on the grounds of newly discovered evidence that plaintiff had worked as a carpenter from July 1964 to July, 1965. There is no affidavit, oral testimony, deposition or other evidence in this record to contradict or vary Hartford’s affidavit. Under these circumstances it is “peremptory” that a new trial be granted, at least for the limited purpose of presenting the alleged new evidence. We do not intend to hold that the trial judge could not have allowed or required further proof of the existence or nature of the new evidence, but here he did not do so. The only proof in the record is the affidavit, and it is sufficient.
It is our conclusion that a new trial should have been granted to permit the new evidence that plaintiff worked as a carpenter for about a year between the time of trial and the date judgment was signed. As to the second alleged grounds for a new trial, i. e., that plaintiff signed a release after the trial, we think that since a new trial must be granted the ends of justice will best be served by allowing this new evidence also. Pretermitting the question of whether the written instrument itself should have been attached to the application or presented at the hearing, such evidence would meet all of the requirements set forth above, i. e., it would tend to change the result, was not discoverable by due diligence and is not merely cumulative.
We will now answer several of the arguments made by plaintiff in support of the lower court’s denial of a new trial. Plaintiff argues that once the evidence was closed at the trial on March 20, 1964, it could not be reopened to show that plaintiff’s injuries were less serious. This argument has no merit. The very purpose of the codal provisions for a new trial on the grounds of newly discovered evidence is to prevent a miscarriage of justice where all of the requirements for a new trial are met.
As regards the release, plaintiff contends this is in a nature of a payment or compromise, an affirmative defense which must be specially pleaded in the answer or an amendment to the answer under LSA-C.C.P. Article 1005. We are aware of an early line of jurisprudence tO' the effect that a new trial will not be granted on the grounds of newly discovered evidence to prove something which had not been pleaded during the trial. Landry v. Baugnon, 17 La. 82; Olivedell Planting Co. v. Town of Lake Profidence, 217 La. 621, 47 So.2d 23. But see Succession of Gibson, 186 La. 723, 173 So. 185 where a new trial was granted for newly discovered evidence as to an issue raised for the first time in the motion for new trial. Under our present procedural law, we think that if the newly discovered evidence tends to support an affirmative defense, such as release or compromise after the trial, and if such evidence meets all of the other requirements for newly discovered evidence as discussed hereinabove, then a new trial should be granted. After the new trial is granted, then the answer may be amended under the new liberal provisions therefor as set forth in LSA-C.C.P. Article 1151 et seq. Certainly, justice would be thwarted were not defendants here allowed to reopen the case for the purpose of • pleading, as well as proving, a release of liability signed by the plaintiff after the trial.
Plaintiff’s next argument is that Mr. and Mrs. McNeely, and their attorney *569 who represented them at the trial, knew of this release from the date it was signed, i. e., June 10, 1964, but did not bring this evidence to the attention of the court until after the judgment was rendered more than a year later. Plaintiff cites Smith v. Hy-man, 6 So.2d 368 (Orleans App.1942), where the case was held under advisement for about 3 months after defendant discovered certain new evidence and made no attempt to bring this evidence to the attention of the trial judge until after rendition of judgment, at which time a new trial was sought. Under the circumstances the court held such evidence could no longer be classified as “newly discovered evidence”, entitling defendant to a new trial as a matter of right. However, the court did grant a new trial in that case, in the interests of justice. Our answer to this argument in the present case is that although the McNeelys knew of the release for over a year before the judgment was rendered, they allege in their application for new trial that they did not know until after the signing of the judgment that their release had not been asserted or made known to the court. As noted above, the McNeelys changed lawyers after the trial and secured new counsel to apply for new trial. Under these alleged circumstances, we think their failure to bring the new evidence to the attention of the court until after judgment should not deny them a new trial. In any event, the interests of justice require that the McNeelys be given an opportunity to present such an alleged release to the court.
Plaintiff also argues that the application for new trial filed by Mr. and Mrs. McNeely is fatally defective because it did not contain a verifying affidavit of the applicant as required by LSA-C.C.P. Article 1975. It is true that no affidavit was attached. The application is simply signed by counsel for the McNeelys. The obvious purpose of such an affidavit is to present proof of the facts required to entitle the applicant to a new trial on the ground of newly discovered evidence. The recent case of McDonald v. O’Meara, 149 So.2d 611 (La.App. 1st Cir. 1962) does hold that the lack of such an affidavit, together with certain other defects as to notice, etc., rendered an application for new trial fatally defective. However, in the present case an application for new trial was also filed by the other defendant, Hartford Accident & Indemnity Company, and this application did contain the required affidavit. Thus, the required proof by affidavit is before the court, both as to the act of release and the allegations that plaintiff worked as a carpenter for over a year after the trial. The applications for new trial by Hartford Accident & Indemnity Company must be granted. In the interests of justice, such a new trial certainly should also extend to the McNeelys.
Plaintiff’s final argument is that the trial judge has great discretion as to new trials. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896. This is certainly true, but under the circumstances of this case, we think a new trial must be granted.
For the reasons assigned, the judgment appealed is reversed and set aside. The applications for new trial filed by Hartford Accident & Indemnity Company and by Mr. McNeely and Mrs. Jewel D. Mc-Neely are granted. This case is remanded to the district court for a new trial limited to the issues of the quantum of the award and the alleged release of liability executed on or about June 10, 1964. All costs in the lower court to be determined on completion of proceedings there. All costs of this appeal are assessed against the plaintiff ap-pellee.
Reversed and remanded.