SAVOY, Judge.
Plaintiff appealed a judgment of the district court rejecting her demands and dismissing her suit.
This is a suit in tort filed by plaintiff for personal injuries and for pain, suffering and medical expenses incurred while riding as a paying passenger in a cab belonging to defendant’s assured. Defendant answered the suit generally denying the allegations contained in plaintiff’s petition and alternatively alleging contributory negligence on the part of plaintiff.
After a trial on the merits the trial judge rejected the demands of plaintiff and dismissed her suit.
In his written reasons for judgment the district judge said:
" * * * In every personal injury suit the burden of proving a case by a preponderance of the evidence rests with the plaintiff, and although a fare paying passenger of a public carrier need only show that an injury has been received to establish a prima facie case, and burden of overcoming then rests with the carrier, the record, in the court’s opinion, is devoid of a preponderance of evidence tending to show that in fact the cab company-insured by Massachusetts Bonding Company, party defendant in this case, was the carrier carrying Wilda Mae Clark at the time the alleged injury was received by her. * * * ”
Counsel for plaintiff applied for a new trial, which application was denied. This appeal followed.
*872 Counsel for plaintiff complains that the trial judge committed error in two respects: (1) in holding that plaintiff had to prove her case by a preponderance of the evidence; and (2) in not allowing plaintiff a new trial.
Counsel for plaintiff argues that since this case involves a public carrier, namely, a public taxi cab, that all he has to do is make out a prima facie case of negligence, and once this has been done, the burden shifts to defendant to escape liability. He states that the trial judge used the improper rule of evidence in denying recovery.
Although the written reasons assigned by the trial judge are brief, he stated that the reason he did not allow recovery is because in his opinion the evidence did not show that plaintiff was injured in a cab owned by defendant’s assured.
The case boils down to the credibility of the witnesses. Three witnesses testified for plaintiff. Defendant also had some witnesses. Their testimony was contradictory. The judge believed the testimony of defendant’s witnesses rather than those of plaintiff. Since the trial judge saw and heard the witnesses, he was in a position to evaluate their testimony. We find no reversible error in his ruling.
Plaintiff next complains of the refusal of the trial judge to grant him a new trial. As a ground for a new trial counsel stated that he has a large number of witnesses who will testify that the cab in which plaintiff was injured belonged to defendant’s assured; that this evidence was available to counsel at the time of the trial but that the evidence was cumulative, and counsel did not want to burden the court with any unnecessary evidence. No peremptory grounds for a new trial are shown; see LSA-C.C.P. Article 1972; and we find no abuse of the trial court’s discretion to overrule for other causes, LSA-C.C.P. Article 1973.
For a complete discussion of the subject see the recent case of Hyatt v. Hartford Accident & Indemnity Co., (La.App., 3 Cir., 1966), 184 So.2d 563, decided by this Court March 22, 1966.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.