AYRES, Judge.
Writs of certiorari, mandamus, and prohibition were granted to review the propriety of an action of the court below in striking from the record defendant’s motion for a new trial.
The motion to strike is predicated primarily upon the proposition that no service of the motion for a new trial nor notice of the time and place assigned for a hearing thereon was made upon or given plaintiff or his counsel as contemplated by LSA-C.C.P. Arts. 1314 and 1976.
In the judgment of which defendant complains, plaintiff was decreed the owner and, as such, entitled to the possession of a described 40-acre tract of land. In addition, defendant was condemned to pay plaintiff’s attorneys’ fees in the sum of $200 for services allegedly rendered to compel defendant to answer interrogatories propounded to him, and in the additional sum of $750 for services rendered in the preparation and trial of the case on its merits.
In the motion for a new trial, timely filed, defendant not only contended that the judgment was contrary to the law and evidence but enumerated specific errors allegedly committed with respect to plaintiff’s title and right of possession of the property as well as to plaintiff’s entitlement to attorneys’ fees.
As heretofore pointed out, though the motion for a new trial was timely filed, it was never assigned for a hearing. Plaintiff had the right, when the motion’s filing came to his attention, to object to the lack of service thereof and of a notice of its assignment for a hearing, and to require a proper service, or, if he desired an expeditious hearing, he had the right to have the motion assigned for such a hearing without requiring or awaiting formal service.
The filing, service, and assignment for hearing of motions for new trials are separate and distinct acts. The validity of the filing is not dependent upon the performance of either of the other two. Defective service, or even lack of service, furnishes no absolute basis to dismiss an action or a pleading. Exception or objection to a want of or to an improper service can generally result only in an order directing that proper service be made — such exception or objection does not require or justify a dismissal of the action.
Other than as to an incomplete and unsigned order attached to the motion for a new trial, no objection was made to either form or substance of the motion. The court never signed the order or fixed a time to hear the motion.
Plaintiff’s objection to the form of defendant’s motion, that is, that the attached incomplete and unsigned order which would have, if properly executed *153 and signed, commanded plaintiff to show cause why the motion for a new trial should not have been granted, is likewise without merit. A motion for a new trial may be presented either as a rule to show cause or by a simple motion. In a comment under LSA-C.C.P. Art. 963 it is noted, following a reference to a proceeding by rule, that:
“Under this article, either form of the contradictory motion may be used, at the option of the mover.”
While the motion m the instant case was drawn in a form generally used in proceedings instituted by rule, the motion was not completed in that form. Inasmuch as “no technical forms of pleading are required” (LSA-C.C.P. Art. 854), the form of the motion with which we are now concerned is one of the alternative forms which may be used at the option of the mover.
The instant case is readily distinguishable from McDonald v. O’Meara, 149 So.2d 611 (La.App., 1st Cir. 1962). In that case the motion for a new trial was based primarily on newly discovered evidence, the allegations with reference to which were not supported or verified by the affidavit of the applicant as required by LSA-C.C.P. Art. 1975. The form of the motion in the instant matter was not sacramental as was applicant’s failure of verification of the facts alleged in the motion in the cited case.
For the reasons assigned, the writs issued herein are made peremptory, the order striking defendant’s motion for a new trial from the record is annulled and set aside, and the motion to strike is overruled ;
The motion for a new trial is ordered reinstated and accordingly this cause is remanded to the Honorable Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, with instructions that service of the motion for a new trial and of notice of the time and place assigned for hearing when fixed be made, and for further proceedings consistent with the views herein expressed and in accordance with law.
Plaintiff, respondent herein, is assessed with the cost of this court. The assessment of all other costs is to await final determination of this cause.
Reversed and remanded.
BOLIN, J., dissents from refusal to grant rehearing.